## LEISHMAN v. ASSOCIATED WHOLESALE ELECTRIC CO.

No. 332. Argued February 2, 1943.—Decided February 15, 1943.

*Mr. John Flam* for petitioner.

*Mr. Samuel E. Darby, Jr.,* with whom *Mr. Marston Allen* was on the brief, for respondent.

MR. JUSTICE MURPHY delivered the opinion of the Court.

The question in this case is whether petitioner appealed to the Circuit Court of Appeals within the time provided by law (28 U. S. C. § 230).

This is a suit brought by petitioner for infringement of certain claims of a reissue patent. The district court made findings of fact that the claims in issue did not embody any invention over the prior art and entered judgment dismissing the complaint on May 1, 1941. On May 28, 1941, after securing an enlargement of time under Rule 6 (b) of the Rules of Civil Procedure (28 U. S. C. A. following § 723c), petitioner filed a motion under Rule 52 (b)[1] asking that the findings "be amended and supplemented." Petitioner requested that some of the findings relating to non-invention be amended in certain respects set out in the motion so as to show invention and to include a specific finding that the claims in issue did define invention over the prior art. Supplemental findings, intended to dispose of various other defenses asserted by respondent but not passed upon by the court, were also requested. The motion concluded with the statement that: "Consistently with these findings, the conclusions of law should be amended to state that the claims . . . in suit, are valid; that an injunction shall issue in the usual form, and that there be an accounting for past infringement." This motion was denied on June 9, 1941.

On September 4, 1941, petitioner filed his notice of appeal in the district court.[2] The Circuit Court of Appeals *sua sponte* held it had no jurisdiction because the appeal was taken more than three months after the entry of

---

[1] So far as is here material Rule 52 (b) provides: "Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly."

[2] This is the proper method of taking an appeal. Rule 73 (a).

judgment, contrary to 28 U. S. C. § 230. In so holding that court recognized the general rule that where a petition for rehearing, a motion for a new trial, or a motion to vacate, amend, or modify a judgment is seasonably made and entertained, the time for appeal does not begin to run until the disposition of the motion.[3] But this case was differentiated on the ground that the instant motion was not one to amend the judgment but merely one to amend and supplement the findings and conclusions. 128 F. 2d 204. We granted certiorari to settle the important question of practice presented under the Rules of Civil Procedure.

We think that petitioner's time to appeal did not begin to run until the disposition of his motion under Rule 52 (b) on June 9, 1941, and accordingly that his appeal was timely. The motion was not addressed to mere matters of form but raised questions of substance since it sought reconsideration of certain basic findings of fact and the alteration of the conclusions of the court. In short the necessary effect was to ask that rights already adjudicated be altered. Consequently it deprived the judgment of that finality which is essential to appealability. Cf. *Zimmern* v. *United States*, 298 U. S. 167; *Department of Banking* v. *Pink*, 317 U. S. 264. It is immaterial that petitioner did not specifically request the amendment of the judgment, and the distinction based on this failure to request by the court below is artificial and untenable. If the motion had been granted and the requested amended and supplemental findings made, the

---

[3] *Morse* v. *United States*, 270 U. S. 151, 153–54, and cases cited. Compare *Joplin Ice Co.* v. *United States*, 87 F. 2d 174; *Suggs* v. *Mutual Benefit Assn.*, 115 F. 2d 80; *Neely* v. *Merchants Trust Co.*, 110 F. 2d 525; *United States* v. *Steinberg*, 100 F. 2d 124. See also *Citizens Bank* v. *Opperman*, 249 U. S. 448; *Gypsy Oil Co.* v. *Escoe*, 275 U. S. 498; *Pfister* v. *Northern Illinois Finance Corp.*, 317 U. S. 144.

judgment would have to be amended or altered to conform to those findings and the conclusions resulting from them. We conclude that a motion under Rule 52 (b) such as the instant one which seeks to amend or supplement the findings of fact in more than purely formal or mechanical aspects tolls the appeals statute, and that the time for taking an appeal runs from the date of the order disposing of the motion. Cf. *Continental Oil Co.* v. *United States,* 299 U. S. 510.

The motion was not one for a new trial under Rule 59 and respondent's argument, based on that premise, that it was not filed in time,[4] is not pertinent.

The judgment below is

*Reversed.*

---

[4] The 10 day limit for filing fixed in Rule 59 cannot be enlarged under Rule 6 (b) except as provided in subsection (c) of Rule 59.