## GREEN v. READING CO.
### No. 9987.

United States Court of Appeals Third Circuit.

Argued Dec. 6, 1949.

Decided Jan. 31, 1950.

John R. McConnell, Philadelphia, Pa. (Henry R. Heebner, Wm. Clarke Mason, Philadelphia, Pa., on the brief), for appellant.

B. Nathaniel Richter, Philadelphia, Pa. (D. J. Farage, Richter, Lord & Farage Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge and O'CONNELL and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

The plaintiff, alleging diversity of citizenship and the jurisdictional requirement

as to amount, instituted this action in the court below to recover damages for injuries sustained by him in an accident on the defendant's tracks. The jury's verdict in his favor establishes that on January 26, 1947, shortly after midnight, the plaintiff was crossing a public footbridge, which spanned the defendant's tracks, when he was attacked by two unknown men and thrown to the tracks beneath. Thereafter, he was discovered lying alongside the tracks, under the overhang of a car, his arm crushed by car wheels. The defendant's employees had moved a draft of cars over the particular tracks involved after the plaintiff was thrown from the bridge, but there was a dispute in the evidence with respect to knowledge on the part of one of the defendant's employees of the presence of the plaintiff on the tracks.

■ Since the accident occurred in Pennsylvania, the law of that state is applicable. Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. On this appeal, the defendant raises the single question, whether the learned trial judge properly instructed the jury concerning the defendant's duty toward the plaintiff. See Frederick v. Philadelphia Rapid Transit Co., 1940, 337 Pa. 136, 10 A.2d 576; Dobrowolski v. Pennsylvania Railroad Co., 1935, 319 Pa. 235, 178 A. 488. We do not reach that issue on this appeal because of a plain oversight on the part of the defendant.

Examination of the complete record transmitted to this Court reveals that judgment was entered below on the jury's verdict on March 15, 1949. Thereafter, on March 22, 1949, within the proper time, the defendant presented to the trial court written motions for a new trial and for judgment in accordance with its previous motion for directed verdict pursuant to Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A. No written order of the District Judge with respect to either motion appears in the record. However, the Docket discloses that on April 1, 1949, the defendant's motion for a new trial was argued and denied.[1] The subsequent Docket entries relate solely to the instant appeal. Patently, the defendant's motion for judgment remains for disposition by the trial judge.

■ Ordinarily, appeals are not taken from orders denying motions for new trial and for judgment, but from the docketed[2] judgment to which they are directed. Nevertheless, the filing of such motions is not limited in effect to mechanical enlargement of the time[3] within which appeals must be taken for the motions operate to vest in the trial judge continued control over the judgment, and until the motions are disposed of the judgment does not become final for the purposes of review. Therefore, where, as here, a motion for judgment remains to be acted upon below, there is lacking the "final decision" necessary to our appellate jurisdiction. 28 U.S.C.A. § 1291; Leishman v. Associated Electric Co., 1943, 318 U.S. 203, 205, 63 S.Ct. 543, 87 L.Ed. 714; Zimmern v. United States, 1936, 298 U.S. 167, 169, 56 S.Ct. 706, 80 L.Ed. 1118; Kingman & Co. v. Western Mfg. Co., 1898, 170 U.S. 675, 678, 18 S.Ct. 786, 42 L.Ed. 1192; Fleming v. Borders, 9 Cir., 1947, 165 F.2d 101. In the Leishman case, the Supreme Court, dealing with a motion under Rule 52(b), said: "* * The motion was not addressed to mere matters of form but raised questions of substance since it sought reconsideration of certain basic findings of fact and the alteration of the conclusions of the court. *In short the necessary effect was to ask that rights already adjudicated be altered. Consequently it deprived the judgment of that finality which is essential to appealability.* * * *" (Emphasis supplied) 318 U.S. at page 205, 63 S.Ct. at page 544, 87 L.Ed. 714. We are of the opinion that a motion for judgment under Rule 50(b) has no less substance or different consequence. Ac-

---

1. The entry reads:
   "Apr. 1 [1949] Argued sur motion for new trial. Eo die: Motion denied."

2. Rule 58, Federal Rules of Civil Procedure, requires entry of judgment in the civil docket and states that such entry is a prerequisite to effectiveness.

3. Rule 73(a), Federal Rules of Civil Procedure, relates to the time within which appeals must be taken.

cordingly, the appeal herein must be dismissed.

■ Of course, whether (1) there was in this instance, a mere failure to enter in the docket an oral ruling on the motion for judgment, assuming it was argued and ruled upon at the same time as the motion for a new trial, or (2) the motion was retained by the trial judge for further consideration, the matter is one to be settled in the court below. Certainly, only the latter inference is permissible on this record. In any event, the duty devolves upon the litigants, especially the appellant, to ascertain the state of the record and to make certain that it is in proper form for the appeal.

■ Finally, in the interest of efficient administration,[4] we direct the attention of the Bar to the fact that the proper procedure under Rule 50(b) has been charted by the Supreme Court in Montgomery Ward

& Co. v. Duncan, 1940, 311 U.S. 243, 61 S. Ct. 189, 85 L.Ed. 147. The Court there held that where motions are presented for a new trial and for judgment: "* * * the trial judge should rule on the motion for judgment. Whatever his ruling thereon he should also rule on the motion for a new trial, indicating the grounds of his decision. * * *" 311 U.S. at page 253, 61 S.Ct. at page 195.

The desirability and result of this procedure are fully explained in that decision, and require no repetition here. The design is to avoid unwarranted and costly delays in litigation, as well as piece-meal appellate review.

For the reasons stated, the appeal will be dismissed.

Judge O'CONNELL participated in the hearing and consideration of this case, but died before it was decided.

4. Recently, this Court, by order, dismissed two appeals as premature: Cate v. Good, Docket No. 10,065, on December 23, 1949, and United States v. Augustine, Docket No. 10,066, on November 21, 1949.