**HEALY v. PENNSYLVANIA R. CO.**

No. 9964.

United States Court of Appeals,
Third Circuit.

Argued Jan. 19, and Jan. 20, 1950.

Decided April 28, 1950.

Philip Price, Philadelphia, Pa. (Harold P. Dicke, Philadelphia, Pa., Barnes, Dechert, Price, Myers & Clark, Philadelphia, Pa., on the brief), for appellant.

Elias Magil, Philadelphia, Pa. (Richter, Lord & Farage, Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

The defendant has appealed from a judgment entered on a jury verdict for the plaintiff, whose action is based on the Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq. Urged as grounds for reversal are the contentions that there was insufficient evidence to submit to the jury with respect to negligence and causation, that plaintiff's decedent was outside the

scope of his employment at the time of injury, and that the court below erroneously instructed the jury that if the decedent was on the way to his supervisor's office to discuss a war bond, then as a matter of law he was within the scope of his employment.

However, we cannot concern ourselves with the merits of the controversy. It appears that on October 22, 1948, judgment on the jury's verdict was entered in favor of the plaintiff. Thereafter, on October 26, 1948, the defendant filed its motions for a new trial and for judgment in accordance with its motion for directed verdict pursuant to Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A. On April 12, 1949, the learned District Judge filed a "Memorandum Opinion" which concluded with the sentence, "The motions * * * are denied". The docket entry reads, "April 12, 1949. Memorandum Opinion * * * denying motion to set aside verdict or for new trial, filed." On these facts, the appeal, in our view, is premature and must be dismissed, for (1) motions attacking the finality of the judgment entered on the jury verdict were made in the court below, and (2) have not been disposed of effectively.

■ Except for the persistence of the defendant, we should have deemed it settled, at least in this Circuit, that an appeal is premature if taken during the pendency of motions for a new trial and for judgment under Rule 50(b). We so held only recently: Green v. Reading Co., 3 Cir., 1950, 180 F.2d 149.

The defendant premises its contrary argument on the supposition that amended Rule 73(a) merely provides for the time within which an appeal must be taken after entry of an order denying any of the motions therein enumerated, yet it permits, although it does not require, an appeal during the period in which such motions are pending. It contends that the judgment on the jury verdict was final at the time it was entered; that there was no requirement to move either for a new trial or for judgment thereafter; and that the taking of an appeal during the pendency of the motions constitutes a withdrawal of the motions because it deprives the District Court of further power to act with regard to them. Finally, it asserts that in the many cases declaring lack of finality in a judgment where motions to modify or alter it remain undisposed of, the real question before the court was whether the appeal was timely, hence the statements as to finality are merely dicta; in any event, it is said, the cases were decided before the advent of amended Rule 73(a).

We have not failed to apply, nor have we misconceived the effect of, amended Rule 73(a). In pertinent part, that Rule provides, "The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated [Rules 50(b), 52(b), and 59], and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules * * *." Nevertheless, Rule 82 dispels any doubt that the Rules of Civil Procedure must be viewed through a jurisdictional latticework externally constructed.

■ In the main, Rule 73(a) as amended restates, with some clarification, decisional law of long standing. And while the courts have been faced more often with the specific problem of determining whether the time for appeal commences to run anew upon the disposition of motions to alter a judgment, the decisions comporting with the pronouncement of this Rule are founded upon but a single reason. It is, that the District Court, when timely substantive motions are entertained and pending, has not lost jurisdiction, and it having the power to grant the motions, the judgment is not final for the purpose of appeal.[1] The result is a consequence of the

1. Leishman v. Associated Wholesale Electric Co., 1943, 318 U.S. 203, 205, 63 S.Ct. 543, 87 L.Ed. 714; Zimmern v. United States, 1936, 298 U.S. 167, 56 S.Ct. 706, 80 L.Ed. 1118; Aspen Mining & Smelting Co. v. Billings, 1893, 150

jurisdictional limitation upon the Courts of Appeals, that review may be had only of final decisions of the District Courts.[2]

■ Manifestly, a reason essential to the ultimate conclusion of a controversy, and especially one, as here, so frequently reiterated, cannot be shrugged off lightly as ill-considered wanderings of the judicial pen. We think it clear enough when the Supreme Court categorically says, "In short the necessary effect [of a motion under Rule 52(b)] was to ask that rights already adjudicated be altered. Consequently it deprived the judgment of that finality which is essential to appealability."[3] Upon this ground, appeals have been dismissed as improvidently taken: United States v. Crescent Amusement Co., 1944, 323 U.S. 173, 177, 65 S.Ct. 254, 89 L. Ed. 160; Fleming v. Borders, 9 Cir., 1947, 165 F.2d 101; Southland Industries, Inc. v. Federal Communications Commission, 1938, 69 App.D.C. 82, 99 F.2d 117. These cases are apposite and applicable here.

■ What we have said is equally dispositive of the assertion that the taking of the appeal effectively destroyed the authority of the court below to proceed upon the motions otherwise properly before it. As stated in United States v. Crescent Amusement Co., supra, 323 U.S. at pages 177-178, 65 S.Ct. at page 257, "An appeal can hardly be premature (and therefore a nullity) here and yet not premature (and therefore binding) below."

■ From the foregoing, the necessity for a definitive order or judgment, made and entered in the docket in due form, should be apparent. We have before reviewed the problem of the status of an opinion in the federal courts, In re D'Arcy, 3 Cir., 1944, 142 F.2d 313, and adhere to the views therein expressed.[4] While in that case we were primarily concerned with the existence of a judgment from which an appeal could be processed, the situation here is not entirely dissimilar, since the judgment entered in the court below on the jury verdict could not be the subject of appellate review once the timely motions under Rule 50(b) were filed and remained pending. Amended Rule 73(a) clearly contemplates[5] both an order and its entry in the docket in connection with such motions, explicitly providing that the time for appeal shall " * * * be computed from the entry of * * * orders * * *." No order was made or entered in the instant case. Nor was the memorandum differently treated by the Clerk of the District Court who entered it in the docket according to its tenor and title as an opinion and did not send out the notices otherwise required of him by Rule 77(d).[6] Accordingly, there has been no effective disposition of the motions made by the defendant in the court below.

We are not oblivious of the trend away from those niceties which so often in the past harassed both litigants and the courts.[7] But we are not here insisting

U.S. 31, 36, 14 S.Ct. 4, 37 L.Ed. 986; and see the accumulation of cases in Southland Industries, Inc. v. Federal Communications Commission, 1938, 69 App.D.C. 82, 99 F.2d 117, 119, note 4.

2. Now contained in Revised Title 28 U.S. C.A. § 1291.

3. Leishman v. Associated Electric Co., 1943, 318 U.S. 203, at page 205, 63 S.Ct. 543, 544, 87 L.Ed. 714.

4. See United States v. Hark, 1944, 320 U.S. 531, 535, note 7, 64 S.Ct. 359, 88 L.Ed. 290; Cf. Holdsworth v. United States, 1 Cir., 1950, 179 F.2d 933, 934.

5. Rule 79 requires all papers filed with the Clerk of the District Court be noted chronologically in the civil docket. The notations need only show the nature of

each paper filed, except that with respect to orders and judgments their substance and date of notation must be shown. Rule 77 (d) requires the Clerk to serve notices of the *entry* of an order or judgment; *as amended, it further provides that lack of notice does not affect the time for appeal, except as stated in amended Rule 73 (a), which permits extension of the time for appeal upon a showing of excusable neglect based upon a failure to learn of the entry.*

6. Note 5, supra. The Rule further requires that the mailing of notices of the entry of an order or judgment be noted in the docket.

7. Cf. Johnston v. Jones, 3 Cir., 1949, 178 F.2d 481, 483.

937

upon mere satisfaction of barren formal technicalities. Howsoever liberal we may wish to be, it cannot be gainsaid that certain formalities are indispensable to "just, speedy, and inexpensive" litigation,[8] and these attributes of our federal judicial system are forthcoming only upon adherence to, rather than upon rejection of, the Rules. It is of the highest importance that the appellate function be free of, and protected from, the needless jurisdictional doubts so simply avoidable by compliance with a few specific instructions. The alternative can but induce a laxity destined to obscure the lines of proper appellate ·conduct,[9] with consequent expense and hardship to the litigants, whose duty it is in the first instance to see to it that the record is in proper form for the relief sought.

■ In the instant case, we deem it appropriate to note again, that the opinion of the court below may be made to serve a double function, to declare the basis for the action of the court and to conclusively dispose of the matter before it. In re D'Arcy, supra. But if it is intended to accomplish both, it should include a proper definitive order [10] which should be entered in the docket in due form.

For the reasons stated, we hold that the defendant's motions for a new trial and for judgment pursuant to Rule 50(b) remain to be disposed of below, and therefore this Court is without jurisdiction of the appeal. Accordingly, the appeal will be dismissed.

---

8. Rule 1, Federal Rules of Civil Procedure. There is, of course, no greater emphasis upon the word "speedy" than upon the word "just". As to "inexpensive", it is particularly appropriate to note that if the defendant here were correct in its assertion that the motion for judgment under Rule 50 (b) is beyond the power of the court below, then, even though it should have had judgment, recent cases in the Supreme Court might well operate to require a second jury trial: Cone v. West Virginia Pulp & Paper Co., 1947, 330 U.S. 212, 67 S.Ct.

752, 91 L.Ed. 849; Globe Liquor Co., Inc. v. San Roman, 1948, 332 U.S. 571, 68 S.Ct. 246, 92 L.Ed. 177.

9. See United States v. Hark, 1944, 320 U.S. 531, 533–535, 64 S.Ct. 359, 88 L.Ed. 290.

10. It may be suggested that, where this procedure is adopted, the document might be entitled as an opinion and order, thus removing from lay personnel in the Clerk's Office the responsibility of interpreting the nature, effect and intendment of the document.