Richard K. KEITH and Esther J.
Keith, Appellees,

v.

NEWCOURT, INC., Appellant.

No. 75–1513.

United States Court of Appeals,
Eighth Circuit.

Submitted March 8, 1976.

Decided March 11, 1976.

Gene Matthews, Jr., Wootton, Land &
Matthews, Hot Springs, Ark., for appellant.

Don M. Schnipper, Wood, Smith &
Schnipper, Hot Springs, Ark., for appellees.

Before LAY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

This appeal arises out of an action brought by Richard and Esther Keith against the defendant, Newcourt, Inc., for personal injuries arising from an automobile accident on December 14, 1972 in Hot Springs County, Arkansas.

Defendant Newcourt counterclaimed for contribution from Richard Keith, as a joint tortfeasor under Arkansas law. The counterclaim was dismissed, the jury awarded Mrs. Keith $5,218.45 and rendered a verdict for defendant on Richard Keith's claim. On June 12, 1975, after judgment was entered on the verdict, plaintiff Esther Keith moved for a new trial on the ground *inter alia* that the damages awarded were insufficient. On July 1, 1975, an appeal was filed by Newcourt, Inc. from the dismissal of the defendant's counterclaim against Richard K. Keith. The docket entries of the district court reflect that on July 3, 1975, the trial court granted plaintiff's motion for new trial against Newcourt, Inc.

On the basis of the above record this court lacks jurisdiction to review the judgment appealed from. At the time that the notice of appeal was filed, a motion for new trial was pending and was subsequently granted. Under these circumstances, the judgment of the district court is not final without certification from the district court pursuant to the Federal Rules of Civil Procedure 54(b). *See Sargent v. Johnson,* 521 F.2d 1260 (8th Cir. 1975).

Furthermore, it is clear until the motion for new trial is ruled upon, a judgment is not final and any appeal therefrom is subject to dismissal as premature. *See Leishman v. Associated Wholesale Electric Co.,* 318 U.S. 203, 205, 63 S.Ct. 543, 544, 87 L.Ed. 714, 716 (1943); *Sykes v. United States,* 392 F.2d 735, 738 n. 1 (8th Cir. 1968).[1]

The appeal is dismissed for lack of jurisdiction.

1. Since a new trial was granted there exists no certainty that plaintiff will recover on the second trial, rendering the defendant's need for contribution speculative.