CENTURY LAMINATING, LTD.,
Plaintiff-Appellee,

v.

Steven H. MONTGOMERY, individually and d/b/a Laminating Company of Colorado, and d/b/a American Laminating Company, Defendant-Appellant.

No. 77–1541.

United States Court of Appeals,
Tenth Circuit.

April 2, 1979.

Gregory G. Vernon, Richard B. Sartore, Wesley W. Hoyt and William J. Graveley of Vernon, Sartore & Hoyt, Denver, Colo., submitted on briefs for defendant-appellant.

William J. Lock of Robinson, Stevens & Wainwright, Albuquerque, N. M., for plaintiff-appellee.

Before SETH and BREITENSTEIN, Circuit Judges, and STANLEY, Senior District Judge *.

STANLEY, Senior District Judge.

On May 11, 1977, judgment was entered on a verdict in favor of the plaintiff-appellee (Century). On May 19, the defendant-appellant (Montgomery) filed a motion for judgment notwithstanding the verdict. Century, on the same date, filed a motion to enjoin the violation by Montgomery of the agreement which was the fountainhead of the litigation. On June 10, Montgomery filed a notice of appeal, ". . . from the final judgment entered on the 11th day of May, 1977." On June 10, when the notice of appeal was filed, Montgomery's motion for judgment n. o. v. and Century's motion for an injunction were pending in the district court. Montgomery's motion for judgment n. o. v. was denied June 19, 1977 and Century's motion for an injunction was granted August 9. On September 7, Montgomery filed a motion for stay of the injunction pending appeal, which was denied November 9. No appeal was taken from any of the orders of the district court made after the entry of judgment on May 11.

Century's motion to dismiss the appeal as untimely was denied by us ". . . with leave to renew the motion at the time of oral argument, the jurisdictional question to be considered with the other issues raised on appeal." The motion was renewed at the time of oral argument and the jurisdictional question must be answered before we may proceed to consideration of the other issues, for, as Judge Murrah once said, ". . . if the appeal is untimely, jurisdiction is lacking and that ends the matter." *Director of Revenue, State of Colorado v. United States*, 392 F.2d 307 (10th Cir. 1968).

United States Courts of Appeal have only such jurisdiction as Congress specifically has given them and the grant of appellate jurisdiction, with exceptions not here pertinent, is limited to appeals from final decisions of those courts. 28 U.S.C. § 1291; *United States v. Nixon*, 418 U.S. 683, 690, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

A final decision is defined as ". . . one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911; *Kappelmann v. Delta Airlines, Inc.*, 176 U.S.App.D.C. 163, 165, 539 F.2d 165 (1976), *cert. denied*, 429 U.S. 1061,

* Of the District of Kansas, sitting by designation.

97 S.Ct. 784, 50 L.Ed.2d 776; *Dunlop v. Ledet's Foodliner of Larose, Inc.*, 509 F.2d 1387 (5th Cir. 1975); *Donovan v. Hayden, Stone, Inc.*, 434 F.2d 619 (6th Cir. 1970). The rule requiring finality of a judgment or order as a prerequisite to appeal is dependent upon statute. 28 U.S.C. § 1291. Any exceptions must be made by Congress, not by the courts, although to the courts falls the responsibility of deciding whether a judgment or order is final and therefore appealable. It is our duty to resolve that question. *United States v. Grand Jury*, 425 F.2d 327 (5th Cir. 1970); *Levin v. Baum*, 513 F.2d 92 (7th Cir. 1975).

This is not such a case as *Morris v. Uhl & Lopez Engineers, Inc.*, 442 F.2d 1247 (10th Cir. 1971). That case involved multiple claims and multiple parties. Morris, while an employee of one Gottlieb, was injured by the fall of a utility pole which, as a result of decay, broke off at its base. The pole was federally owned and was located on land owned by the United States. It had been inspected and tested by Uhl & Lopez. Morris sued the United States under the Federal Tort Claims Act and Uhl & Lopez for negligence. The United States settled with Morris, cross-claimed against Uhl & Lopez for indemnity and impleaded Gottlieb as a third-party defendant. Morris' claim against Uhl & Lopez was separately tried and the trial court found Morris guilty of contributory negligence and dismissed his claim. Morris filed a notice of appeal before the cross-claim and the third-party complaint had been disposed of. No order had been entered under Rule 54(b), Fed.R. Civ.P., making the judgment against Morris separately final. This court entered an order authorizing the trial court to entertain a motion giving the Morris judgment separable finality and expressly retaining "jurisdiction of the cause for all other purposes". The trial court then dismissed the indemnity claims and Morris proceeded on appeal without filing another notice of appeal "in reliance upon the order of this Court retaining jurisdiction". 442 F.2d at p. 1250.

In denying the motion of Uhl & Lopez to dismiss the appeal as premature we said,

In our view, the notice of appeal had capacity in the circumstances to provide jurisdictional basis that we would entitle this Court to refuse, as it did, to make dismissal of the appeal out-of-hand and to allow the notice to ripen into full effectiveness as to the rendered judgment, *since it seemed apparent that the judgment would remain unchanged in its form and content*; that its lack of technical form finality would become dispelled in natural course and within a not undue period of time; and that no prejudice could result to any one from so dealing with the notice. [442 F.2d at p. 1250] (Emphasis supplied.)

In *Uhl & Lopez* the appealed judgment was entered on the principal claim, a claim separable from the still unresolved claims among the interpleaded parties. All that remained for disposition were the indemnity claims and this was the situation when the notice of appeal was filed. The judgment appealed from lacked finality only because of the failure of the trial court to comply with the formalities of Rule 54(b) and this court expressed the belief that no disposition of the indemnity claims would alter the form and content of the judgment appealed from. In the case at bar, on the date that Montgomery filed his notice of appeal, his motion for judgment n. o. v. was pending—the disposition of which clearly could have changed the form and content of the judgment.

Rule 4(a), Fed.R.App.P., requires that in a civil case the notice of appeal must be filed within thirty days from the date of the judgment or order appealed from. The rule specifically provides that the running of the time for filing a notice of appeal is terminated by the timely filing of a motion for judgment n. o. v. ". . . and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of [an order] granting or denying a motion for judgment under Rule 50(b)." The requirement of Rule 4, Fed.R. App.P., is mandatory and jurisdictional. *Gooch v. Skelly Oil Co.*, 493 F.2d 366 (10th

Cir. 1974), *cert. denied,* 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270. And see *United States v. Robinson,* 361 U.S. 220, 228, 80 S.Ct. 282, 4 L.Ed.2d 259.

The circuits are not in agreement as to whether the filing of a notice of appeal automatically divests a district court of jurisdiction and transfers jurisdiction to the court of appeals. See e. g., *First Nat'l Bank of Salem, Ohio v. Hirsch,* 535 F.2d 343 (6th Cir. 1976); *United States v. Lafko,* 520 F.2d 622 (3d Cir. 1975); and *Williams v. Bernhardt Bros. Tugboat Serv., Inc.,* 357 F.2d 883 (7th Cir. 1966). We have held that a district court retains jurisdiction if the notice of appeal is untimely filed or refers to a non-appealable order. *Arthur Andersen & Co. v. Finesilver,* 546 F.2d 338 (10th Cir. 1976), *cert. denied,* 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543. And see *Hodgson v. Mahoney,* 460 F.2d 326 (1st Cir. 1972), *cert. denied,* 409 U.S. 1039, 93 S.Ct. 519, 34 L.Ed.2d 488; *Ruby v. Secretary of United States Navy,* 365 F.2d 385 (9th Cir. 1966), *cert. denied,* 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442.

██ Where the trial court has power to further review its judgment it cannot be said that the judgment is final as long as it is being considered by the court. *Suggs v. Mutual Ben. Health & Acc. Ass'n.,* 115 F.2d 80 (10th Cir. 1940). An attempt to appeal a non-final decision of a district court remains just that, an attempt. It is a nullity and does not divest the trial court of its jurisdiction. *Euziere v. United States,* 266 F.2d 88 (10th Cir. 1959), *vacated on other grounds,* 364 U.S. 282, 80 S.Ct. 1615, 4 L.Ed.2d 1720. In our view, when one of the motions enumerated in the second paragraph of Rule 4(a), Fed.R.App.P., is timely filed after the entry of judgment in a civil case the judgment does not become final until the motion has been ruled upon by the trial court. A notice of appeal filed while such a motion is still pending in the trial court is prematurely filed and does not transfer jurisdiction to the court of appeals.

In the case of *Barnett v. Life Ins. Co. of the Southwest,* 562 F.2d 15 (10th Cir. 1977), the defendant had filed a motion for judg-

ment n. o. v. after judgment had been entered and after the plaintiff had filed its notice of appeal. The trial court granted judgment n. o. v. and on appeal the plaintiff urged that the trial court lacked jurisdiction to consider the motion for judgment n. o. v. We said,

> It is apparent from the record that the trial court had not [concluded] its consideration of the jury verdict at the time appellant's first notice of appeal was filed. The matter thus was not final, and the notice of appeal filed in an attempt to prevent further consideration of the verdict by the trial court was not effective.

██ The finality requirement of 28 U.S.C. § 1291 must have been satisfied as of the date a notice of appeal is filed. *Biliske v. American Nat'l. Bank & Trust Co. of Shawnee,* Nos. 77–1379, 77–1380, and 77–1448 (10th Cir. Oct. 5, 1977). On June 10, when Montgomery filed his notice of appeal, his motion for judgment n. o. v. was pending. It was not ruled upon until June 16 when it was denied. A motion for judgment n. o. v. is not addressed to mere matters of form but raises questions of substance since it seeks alteration of rights already adjudicated. The filing of one of the motions enumerated in the second paragraph of Rule 4(a) does not merely result in mechanical enlargement of the time within which an appeal must be taken. The pendency of any such motion vests in the trial judge continued control over the judgment and until disposed of the judgment does not become final for the purpose of appeal. *Leishman v. Associated Wholesale Elec. Co.,* 318 U.S. 203, 63 S.Ct. 543, 87 L.Ed. 714; *Green v. Reading Co.,* 180 F.2d 149 (3d Cir. 1950). *Barnett v. Life Ins. Co. of the Southwest, supra.*

We are disinclined to erode the finality doctrine by indirection. For,

> . . . allowing appeals of right from nonfinal orders that turn on the facts of a particular case thrusts appellate courts indiscriminately into the trial process and thus defeats one vital purpose of the final judgment rule—"that of maintaining the appropriate relationship between the re-

spective courts . . . This goal in the absence of most compelling reasons to the contrary, is very much worth preserving." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 476, 98 S.Ct. 2454, 2462, 57 L.Ed.2d 351); *Parkinson v. April Indus., Inc.*, 520 F.2d 650 (2d Cir. 1975). And see *Seigal v. Merrick*, 590 F.2d 35 (2d Cir. 1978). Our position, we think, is in accord with that of the Supreme Court in *Coopers & Lybrand v. Livesay* and as voiced in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, the case in which the collateral order doctrine was forged. There the court said at page 546, 69 S.Ct. at page 1225,

> The effect of the statute is to disallow appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal.

 Although the premature notice of appeal did not transfer jurisdiction to this court, Montgomery did not lose his right to appeal. Within thirty days after entry of the order denying the motion for judgment n. o. v. he could have filed a new notice of appeal effectively transferring jurisdiction to this court. The duty devolves upon litigants, especially appellants, to ascertain the state of the record and to make certain that it is in proper form for an appeal. *Green v. Reading, supra.*

 Montgomery urges that we look beyond the technical requirements of Rule 4, Fed.R.App.P., and allow the appeal in order to prevent injustice in light of the fact that Century has neither claimed nor made a showing that it has in any way been prejudiced by the premature filing of the notice of appeal. Like all jurisdictional requirements the one Montgomery failed to meet is a technical one. However, it is based on important substantive policies regarding the finality of judgments and affects the very jurisdiction of this court.

Some circuits have ruled that when a Rule 4(a) motion is timely filed any judgment theretofore entered ceases to be final

until the motion is ruled upon and until then any appeal from the judgment is premature and subject to dismissal. *Wiggs v. Courshon*, 485 F.2d 1281 (5th Cir. 1973); *Keith v. Newcourt, Inc.*, 530 F.2d 826 (8th Cir. 1976). In other circuits it has been held that a premature appeal taken from a judgment which is not final, but which is followed by an order that is final, may be regarded as an appeal from the final order in the absence of a showing of prejudice to the other party. See e. g., *Eason v. Dickson*, 390 F.2d 585 (9th Cir. 1968); *cert. denied*, 392 U.S. 914, 88 S.Ct. 2076, 20 L.Ed.2d 1373; *Richerson v. Jones*, 551 F.2d 918 (3d Cir. 1977). In the very recent case of *Yaretsky v. Foley*, 592 F.2d 65 (2d Cir. 1979), the court in its opinion said,

> . . . the better rule is that in the absence of prejudice to the appellee, the court should treat a premature appeal as from a final judgment so as to avoid denial of justice, expense, and inconvenience.

We cannot agree that this is the better rule. Litigants—appellees as well as appellants—have a right to rely upon conformity by their adversaries with applicable statutes and rules, especially when compliance with the rule is a jurisdictional prerequisite to the appeal itself. Expense, inconvenience, and what a litigant may believe to be injustice, are unavoidable consequences of failure to abide by a statute or rule, e. g., a statute of limitation. There is some virtue in finality—in an end to litigation. When a notice of appeal is prematurely filed the case is not in limbo. The trial court retains jurisdiction and a timely appeal may be taken from the final judgment when entered.

 The defendant suggests that his motion to stay the injunction, filed in the district court September 7, more than thirty days after denial of his motion for judgment n. o. v., should be treated as a sufficient and timely notice of appeal—sufficient because it contains reference to an appeal having been taken from the May 11th judgment, and timely because filed

within thirty days from the date of entry of the order granting the injunction. The motion to stay was, by its own recitations, filed under the provisions of Rule 62(c), Fed.R.Civ.P., which has reference to an appeal from a final judgment granting or denying an injunction. Both Civil Rule 62(c) and Appellate Rule 8 presuppose the existence of a valid appeal. Obviously Montgomery, when he prepared and filed his motion for an order staying the injunction, believed that he had effectively appealed from the judgment and did not then intend his motion to serve as a notice of appeal, and we do not so construe it.

For the reasons given we conclude that this court lacks jurisdiction. The appeal is dismissed for want of jurisdiction.