In re Verneal BOOTH, Debtor.

FIRST FEDERAL SAVINGS & LOAN
ASSOCIATION OF TITUSVILLE,
Plaintiff,

v.

Verneal BOOTH, Defendant.

Adv. No. 81–788.

LR 81–788.

United States Bankruptcy Court,
E. D. Arkansas, W. D.

March 3, 1982.

Robert Wilson, Little Rock, Ark., for plaintiff.

Marquis Jones, Little Rock, Ark., for defendant.

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT AND FIXING SUPERSEDEAS BOND AS PREREQUISITE TO IMPOSITION OF STAY PENDING APPEAL

DENNIS J. STEWART, Bankruptcy Judge.

On January 27, 1982, this court entered its findings of fact, conclusions of law, and final judgment in this adversary action granting the plaintiff's complaint for reclamation of lot 4, block 2, McCarthy's Addition to the City of Little Rock, Arkansas. Thereafter, on February 5, 1982, the debtor filed her "motion to amend or modify judgment," generally asserting that "[t]he one year period granted debtor to redeem her homestead from the mortgage . . . constitutes property under § 541 of the Bankruptcy Code and . . . the property should be returned to debtor pursuant to § 542 or 543 of the Bankruptcy Code." The filing of this motion to amend the judgment acted as a stay of operation and effect of the judgment, see *Matter of Cooper*, 16 B.R. 19 (Bkrtcy.W.D.Mo.1981), and tolled the time for the filing of a notice of appeal. The notice of appeal is therefore not effective, for the judgment is not yet final, and it must therefore be disregarded as premature. "[U]ntil the motion for new trial [or to alter or amend judgment] is ruled upon, a judgment is not final and any appeal therefrom is subject to dismissal as premature." *Keith v. Newcourt, Inc.*, 530 F.2d

826 (8th Cir. 1976). See also *Leishman v. Associated Wholesale Electric Co.*, 318 U.S. 203, 205, 63 S.Ct. 543, 544, 87 L.Ed. 714 (1943) ("[W]here a petition for rehearing, a motion for a new trial, or a motion to vacate, amend or modify a judgment is reasonably made and entertained, the time for appeal does not begin to run until disposition of the motion.")

This court should expeditiously dispose of the motion. As quoted above, it purports on its face to raise the simple legal proposition that the right to redemption of foreclosed property within a year of the foreclosure under § 51–1111 of the Arkansas Statutes is a "legal or equitable" interest in property which should be included in the debtor's estate. It is equally fundamental, however, that, in taking a debtor's property interests, the title 11 estate takes those interests subject to the same claims, defenses and contingencies under which they were held by the debtor. As pointed out in the judgment which is the subject of the motion to amend, the state law dictates that redemption can be appropriate only when the party seeking it offers to pay the cash price of redemption. Otherwise, redemption would be reduced to simply reinstating a mortgage (or a more advantageous version thereof) at any time in the year next succeeding foreclosure of the property, even if the foreclosure sale has been consummated. In the interest of the certainty and stability of a foreclosure decree or judgment, the state law does not permit the foreclosed mortgagee to retain possession of the property without paying the cash price of redemption and without even making any payments to the mortgagor whose foreclosure has been frustrated.

Because the state law does not permit it, neither can the bankruptcy law. Section 541 of the Bankruptcy Code cannot work to *enhance* the rights which a debtor had as of the date of the filing of the title 11 petition. See *Matter of Anderson*, 12 B.R. 483, (Bkrtcy.W.D.Mo.1981). Therefore, the motion to amend judgment must be denied.

II

The parties request the court to fix the conditions which will preserve the rights of the parties pending appeal within the meaning of Rule 805 of the Rules of Bankruptcy Procedure. Although, as noted above, no effective notice of appeal has yet been filed, it is nearly certain that such a notice will be filed. Therefore, to save time and effort, the court will set out the conditions under which it will grant a stay pending appeal. When considerable arrearages exist, it is unfair and may result in irreparable injury to the prevailing secured party if payments continue to be ignored. Therefore, the condition for imposing a stay pending any future appeal should be that which requires the updating of arrearages and maintaining current monthly payments on the property which Verneal Booth continues to occupy.

For the foregoing reasons, it is hereby

ORDERED, that the motion of the defendant, Verneal Booth, to alter or amend judgment be, and it is hereby, denied. It is further

ORDERED, that in the event of any appeal from the judgment which is hereby made final, a stay be granted on the curing of all arrearages owed by Verneal Booth to plaintiff within 10 days of the filing of such notice of appeal and the maintaining of current payments thereafter and that plaintiff shall accept such payments without prejudice to its position on appeal.