No. 84-435

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN RE THE MARRIAGE OF

KEMP WILSON,

Petitioner and Respondent,

-vs-

BETTY L. WILSON,

Respondent and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Matovich & Addy; Carey E. Matovich argued, Billings,
Montana

For Respondent:

James J. Sinclair, Billings, Montana
Donald Garrity argued, Helena, Montana

Submitted: May 22, 1985

Decided: June 25, 1985

Filed: JUN 25 1985

Ethel M. Harrison

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal by Betty Wilson, hereinafter the wife, from an order of the Thirteenth Judicial District, Yellowstone County, denying her post-judgment motions to amend findings of fact and have a new trial in a divorce action. Kemp Wilson, hereinafter the husband, moved to dismiss this appeal as barred by time limitations. We entertain the appeal as timely, affirm the District Court's denial of the post-judgment motions and remand for determination of attorney fees.

Procedural Background

The husband filed for divorce on September 7, 1979. The divorce decree was filed May 29, 1980. On June 10, 1980 the wife filed Rule 52 and 59 motions to amend findings and have a new trial. On May 3, 1984 she filed motions captioned "Amended motion to Amend." These were an attempt to amend the June 10, 1980 motions to amend, not the 1980 findings. For clarity the first motions are referred to as the 1980 motion and the second motions to amend the first motion are referred to as the May 1984 motion.

This procedure was repeated on June 22, 1984, after the June 12, 1984 notice of entry of the amended decree. The wife's attorney filed a motion to amend the findings of fact and a motion for a new trial. On July 25, 1984, she attempted to amend the June 22, 1984 motion. These motions were deemed denied and this appeal followed. For clarity these motions are referred to as the June 1984 motion.

The relevant procedural history of this case is:

Sept. 7, 1979     The husband filed for divorce.

- 2 -

| | |
|---|---|
| May 29, 1980 | The divorce decree was filed. |
| June 10, 1980 | The 1980 motion. The wife filed motions to amend the findings (Rule 52) and to have a new trial (Rule 59). |
| July 18, 1980 | The District Court denied the wife's June 10, 1980 motions as untimely. |
| Aug. 8, 1980 | The wife appealed to this Court. |
| May 6, 1982 | This Court reversed the District Court based on Rule 6(e) of M.R.Civ.P. |
| Aug. 10, 1982 | The wife moved for a hearing on her June 10, 1980 motions. The husband moved to vacate based on Rule 59(d). |
| Oct. 12, 1982 | The District Court denied the husband's August 10, 1982 motion. |
| Oct. 29, 1982 | The husband appealed the District Court's October 12, 1982 ruling to this court. |
| Nov. 11, 1982 | The wife filed a motion to dismiss the husband's appeal. |
| Aug. 23, 1983 | The Supreme Court dismissed the husband's appeal. |
| Sept. 16, 1983 | The husband answered interrogatories. |
| Nov. 21, 1983 | The husband filed consent to the wife's June 10, 1980 motion to amend findings and urged against her motion for a new trial. |
| May 3, 1984 | The May 1984 motion. The wife filed an amended motion to amend the findings and have a new trial. |
| June 7, 1984 | The District Court amended the Divorce Decree to reflect the changed findings sought June 10, 1980. |
| June 12, 1984 | Service of notice of entry of an amended judgment. |
| June 22, 1984 | The June 1984 motion. The wife filed motions to amend the June 7, 1984 decree and have a new trial. |
| July 2, 1984 | A hearing on the wife's June 22, 1984 motion was set for this date but was continued. |

July 19, 1984        The District Court vacated the hearing.

July 25, 1984        The wife moved to amend her June 22, 1984 motion.

August 1, 1984       The June 22, 1984 motion was deemed denied.

Aug. 23, 1984        The wife appealed to this Court.

Issues

The husband raised three procedural issues, which he argues bar this Court from reaching the merits of the wife's appeal:

1. This appeal is too late and should be dismissed because the June 1984 motion did not toll the 30 days for appeal.

2. On June 7, 1982, when this Court remitted the District Court's order denying the 1980 motion, Rule 59(d) time limits began to run.

3. The Montana Rules of Civil Procedure do not allow amending a Rule 52 motion to amend findings of facts or a Rule 59 motion for a new trial.

Because, as discussed below, we agree that the Montana Rules of Civil Procedure do not allow amending Rule 52 and Rule 59 motions after the time allowed for filing the original motion we do not reach the issues raised on May 3, 1984, but two issues raised in the 1980 motion relating to the 1980 decree are considered:

1) When should interest begin to accrue on the retroactive lump-sum payment of the maintenance and child support increase? From June 10, 1980 forward, or from November 21, 1983 when the husband consented to the modification, or from June 12, 1984 when the decree was amended?

- 4 -

2) Was $2,500 in attorney fees to the wife an unreasonably low award?

Procedural Issue 1. Is this appeal timely?

On June 22, 1984, after entry of the June 7, 1984 amended divorce decree, the wife made two post-judgment motions--a Rule 52 motion to amend findings of fact and a Rule 59 motion for a new trial. These are the June 1984 motions. In Winn v. Winn (Mont. 1982), 651 P.2d 51, 39 St.Rep. 1831, this Court held that the Rule 59(d) time limits also apply to Rule 52 motions. Rule 59(d) was changed in October, 1984 but the prior rule applies to this case.

These motions have short time limits because they toll the appeal process. Under the old 59(d), after service of notice of entry of judgment a party had ten days to serve a Rule 52 or 59 motion. A district court had to notice a hearing within ten days of the motion but the hearing could be continued for up to 30 days. The district court had to rule within 15 days of the hearing or the motion was deemed denied. The motion was also deemed denied if no hearing was held within ten days of the motion or, if continued, within 30 days from the continuance. Winn page 54. The moving party then had 30 days to appeal.

Applying those rules this appeal is timely. After June 22, 1984, computing 10 days per Rule 6, the District Court could have scheduled a hearing up to July 2, 1984 and did so. The Court could have continued the hearing until August 1, 1984; it continued the hearing to July 26, 1984 but vacated that hearing date on July 19, 1984. On August 1, not July 19, 1984, the motion was deemed denied and the wife had 30 days in which to appeal. This appeal is timely because August 23, 1984 was within 30 days of the denial of the

- 5 -

motion. As discussed below, the May 1984 motions were not timely, but that goes to the merits, not the timeliness, of this appeal.

Procedural Issue 2. Did Rule 59(d) time limits begin to run June 7, 1982 when the wife's 1980 motions were remitted?

The husband raises this issue but it was decided in cause number 82-452 by an order from this Court dismissing the husband's appeal and fining him for delay. The husband contends the Court never reached the merits but the order stated "The Court finds that the appeal is without substantial or reasonable grounds, and apparently for purposes of delay."

Procedural Issue 3. May the wife amend her Rule 59 Motion or her Rule 52 motion?

Generally, motions to amend motions are only allowed during the time the original motion may be made. Situations may arise where justice requires that a party be allowed to amend a motion for a new trial but this is not one of them. The wife made her May 1984 motion to amend her June 10, 1980 motion after the husband consented to her original motion to amend. The May 1984 motion was actually an effort to retry the divorce property settlement on new issues.

Rule 59 Motions

Montana Rule 59(a) differs from Federal Rule 59 because it states " . . . A motion for a new trial shall state with particularity the grounds therefor, it not being sufficient merely to set forth the statutory grounds, but the motion may be amended, upon reasonable notice, up to and including the time of hearing the motion." This language results from Halsey v. Uithof (1975), 166 Mont. 319, 532 P.2d 686, in which plaintiff's motion for a new trial was granted and

- 6 -

defendant appealed because the motion merely recited the statutory grounds for new trial in a bench trial. The court agreed that the motion must state the particular grounds for new trial, not just statutory language, but allowed the motion to be amended.

In State court, because of the unique language in Montana's rule, a Rule 59 motion can be amended up to the time of a hearing to state a particular reason why a new trial should be granted, but that is not the situation here. The wife has never stated her grounds for a new trial or added additional grounds and her May 1984 motion was not an effort to do so.

Rule 52 Motions

The Montana rules say nothing about amending Rule 52 motions to amend findings of fact. No amendment can be made after expiration of the ten day period for making the original motion because there is no statutory basis for amending a Rule 52 motion. This analysis is supported by VL5A Moore's Federal Practice ¶ 52.11[1] at 52-192 states:

"Rule 6(b), which provides for the enlargement of time periods, originally stated that the court could not enlarge the time periods in Rule 59, but contained no express limitation on the ten-day time period in rule 52(b). In Leishman v. Associated Wholesale Electric Co., the Supreme Court held that Rule 6(b) allowed the district court to enlarge the time to make a motion for amended findings and judgment beyond the ten-day period of Rule 52(b). However, the Leishman rule was obviated by the 1946 amendment to Rule 6(b), which states that the court may not extend the time for taking any action under Rules 50(b), 52(b), and (b), (d) and (e). Since a timely motion under Rule 52(b) operates to destroy the finality of a judgment, just as do timely motions under Rules 59 and 50(b), the 1946 amendment to Rule 6(b) conformed Rules 52 and 59. Thus, in the interest of promoting the finality of judgments, it is now the rule that the ten-day time period of Rule 52(b) is not subject to enlargement."

Moore is referring to extending the ten day time period to file the original motion but the same logic precludes allowing amendments to motions after it would be too late to file the original motion.

The May 1984 motion is a procedural attempt to relitigate the property and maintenance award with new issues. It was not the intent of Rules 52 or 59 to allow a party to inject a new issue after judgment. Entertaining the wife's May 1984 motion would allow a post-judgment motion to suspend the finality of a judgment from June 10, 1980 to June 7, 1984. This conflicts with two important considerations regarding post-judgment motions--a judgment should be a prompt, final resolution of a dispute and disputes should be resolved on their merits.

However, as discussed above, this is a timely appeal of the District Court's June 7, 1984 amended divorce decree granting the June 10, 1980 motion to amend findings. The issues relating to 1980 can be considered.

Issue 1--Interest on Retroactive payment of child support and maintenance.

The 1980 divorce decree awarded the wife maintenance of $900 per month. In her 1980 motion she sought maintenance of $1,250 until January 1, 1986, $625 per month until June 1, 1987 and $500 per month until remarriage or court order. The husband consented to this in November of 1983 and it was decreed by the court in June 1984. The husband also consented to child support of $250 per child per month, a $50 increase. The District Court made both increases prospective from June 1984. The wife sought retroactive application. Retroactive application amounted to $17,150 in maintenance and $6,650 in child support.

The husband contended throughout the appeal process that the 1984 amended decree did not apply from the date of the wife's 1980 motion. During oral argument to this Court, the husband conceded that the 1984 decree relates back to 1980 therefore the wife is entitled to $17,150 in maintenance and $6,650 in back child support. The wife incurred the expense of appeal to obtain this eleventh hour concession.

If a judgment is effective from the entry date and any changes to that judgment relate back to that date, it follows that interest is assessed from the date of judgment. In Re the Marriage of Knudson (Mont. 1981), 622 P.2d 1025, 38 St.Rep. 154, interest was awarded from the date of judgment. A husband had limited his divorce appeal to a portion of the decree and argued that his former wife could have executed on the other portion. This Court stated, "Once a person is liable for a money judgment, and payment is not made, the person entitled to the judgment is further entitled to a fair rate of interest." Pg. 1027. In this case the question is when was the husband liable for the increased child support and maintenance because interest accrues from that point.

The wife sought the increase in June 1980. At that time she attempted to establish that these increased amounts were her current needs. The husband's consent to the retroactive payment makes it unnecessary for this Court to consider the merits of the wife's request for modification; the husband's consent indicates that the June 10, 1980 decree incorrectly determined the amount of necessary child support and maintenance. While forced to subsist on the inadequate awards, the wife immediately sought to correct them. Unfortunately this took approximately four years. During this time the husband had use of the money. The 1983 consent

and the 1984 amended decree are corrections of the 1980 judgment that establish the husband's correct liability from 1980 forward. The wife should receive interest from the time the husband was correctly liable for the amount--June 10, 1980.

Issue 2--Attorney Fees.

The District Court awarded the wife $2,500 in attorney fees although she submitted an affidavit that her actual fees were $13,283. The wife contends the District Court acted arbitrarily and abused its discretion because the $2,500 award is not supported by substantial evidence. She argues she is entitled to a higher attorney fee award because the two prior appeals in the case "were necessitated by the actions of Mr. Wilson" and because the husband's financial resources are much greater. The husband responds that the District Court erred in awarding the wife any attorney fees.

We agree with the District Court that the wife is entitled to attorney fees. Section 40-4-110, MCA, provides that a district court, after considering the financial resources of both parties, may order one party to pay a reasonable amount to the other party for attorney fees including sums for legal services rendered after entry of judgment. In this case there is substantial evidence that the husband's financial resources far exceed the wife's and an award of attorney fees is necessary. The District Court also determined that attorney fees should include the cost of the various appeals to this Court. We agree and include the cost of this appeal. In Re the Marriage of Grace (Mont. 1982), 643 P.2d 1188, 1192, 39 St.Rep. 791, 795.

The District Court erred in calculating $2,500 as the amount of the wife's attorney fees. This is not supported by

substantial evidence. We remand for a hearing to determine an adequate attorney fees. That should include the wife's costs for appeals, including this appeal.

Except as ordered to be modified herein, the judgment of the District Court concerning post-judgment motions is affirmed. The cause is remanded to the District Court for further proceedings in accordance with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

_____
Hon. Thomas C. Honzel, District Judge, sitting for Justice John C. Harrison

_____
Hon. Henry Loble, District Judge, sitting for Justice L. C. Gulbrandson