Randy SHIVERS, et al., Plaintiffs,

v.

Kenneth GRUBBS, et al., Defendants.

No. C2–88–811.

United States District Court,
S.D. Ohio, E.D.

Aug. 23, 1990.

Allan Sherry, for plaintiffs.

Charles Plummer, Mark Landes, David Meade and Robert Berry, for defendants.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is before the Court pursuant to the Plaintiff's motion to alter judgment, under Federal Rule of Civil Procedure ("Fed.R.Civ.Pro.") 59(e); motion for amendment to judgment, under Fed.R.Civ.P. 52(b); and a motion for leave to file a third amended complaint, under Fed.R.Civ.P. 14(a). The Magistrate has issued an Order as to the motion for leave to file the third amended complaint, therefore, the motion is DENIED as MOOT. However, the defendants have filed a motion for reconsideration of the Magistrate's Order granting the leave to file. Therefore, this Court will address that issue. The only other motion before the Court is a motion for summary judgment as to Defendants Van Horn, Shepard, Pollock and Callihan. It has since been brought to the Court's attention that those defendants have been dismissed from the instant action by agreement of all parties. Therefore, that motion is also DENIED as MOOT.

## FACTS

This case arises from a SWAT team raid upon the home of the plaintiffs on September 5, 1987, by officers from the Guernsey

County Sheriff's Department and the Cambridge Police Department pursuant to a search warrant for illegal drugs. According to the Complaints (the First, Second and now Third) and several affidavits, approximately fourteen (14) police officers raided the home at about 8:15 p.m. Upon breaking down the front door of the home and entering the residence with weapons drawn, the officers found only the children of Randy and Cindy Shivers at home. Apparently, one of the daughters, Amy (age 14) was babysitting for her brother and sisters, who were ages 7, 6, and 3 years. The Complaints allege that the children were forced to give the shoes they were wearing to the police, who proceeded to rip them apart, searching for drugs. The Complaints further alleges that the children were held at gunpoint by the police and eventually taken to the Cambridge Police Station, along with their parents who had returned at approximately 8:30 p.m. The Complaints alleges emotional harm as a result of the search, damage to their reputation in the community, and damage to their personal property.

I. Motion For Reconsideration of the Magistrate's Order Granting Leave of Court to File a Third Amended Complaint.

On October 13, 1989, and again on November 6, 1989, the plaintiff filed motions for leave to file a third amended complaint. The basis for the amended complaint was newly discovered evidence. On April 6, 1990, the Magistrate granted the motion. Under the provisions of 28 U.S.C. § 636(b)(1)(A), Fed.R.Civ.P. 72(a), and Eastern Division Order No. 82–1, pt. I, C., 2, the defendants moved this Court for reconsideration of the Magistrate's Order.

■ Reconsideration of a pretrial order of a Magistrate is explained in the Federal Rules of Civil Procedure, Rule 72(a) Nondispositive Matters, which states:

A magistrate to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. The district judge to who the case is assigned shall consider objections made by the parties, provided they are served and filed within 10 days after the entry of the order, and shall modify or set aside any portion of the magistrate's order found to be *clearly erroneous or contrary to the law.* (emphasis added).

The "clearly erroneous" standard has been defined as follows:

A finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed. The question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the [Magistrate's] finding, and whether [his] construction of that evidence is a reasonable one.

*Heights Community Congress v. Hilltop Realty, Inc.,* 774 F.2d 135, 140 (6th Cir. 1985).

■ With the correct standard of review in mind, the Court now turns its attention to the merits of the defendants' motion for reconsideration. The defendants argue that the order should be overturned because this Court should have ruled on the pending motion for summary judgment prior to ruling on the leave to file motion. The defendants fail to support this contention with any case law, treatise or any other supporting citations that mandates the order in which the Court must address these types of pending motions. Therefore, the Court must conclude that that is merely the opinion of the defendants. As such, this Court cannot conclude that the magistrate's order is "clearly erroneous". Therefore, the defendants' motion for reconsideration is hereby DENIED.

II. Plaintiff's Motion to Alter Judgment Pursuant to Fed.R.Civ.P. 59(e), and Motion For Amendment to Judgment Pursuant to Fed.R.Civ.P. 52(b).

The only remaining motions before this Court are two motions in reference to this

Court's October 27, 1989, Opinion and Order. The motions will be addressed together.

■ The first motion is a motion to alter judgment pursuant to Rule 59(e). This is commonly referred to as a motion for reconsideration and is properly treated as such.[1] *Smith v. Hudson*, 600 F.2d 60 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); see *Foman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962); *Huff v. Metropolitan Life Insurance Co.*, 675 F.2d 119 (6th Cir.1982).

■ In considering such a motion the Court is mindful that the motion is granted only in limited circumstances, and that the granting or denial of a Rule 59(e) motion is within the informed discretion of the district court, and reversible only upon a showing of abuse. *United States Labor Party v. Oremus*, 619 F.2d 683, 692 (7th Cir.1980); see *Hopkins v. Coen*, 431 F.2d 1055, 1059 (6th Cir.1970); *Milwee v. Peachtree Cypress Investment Co.*, 510 F.Supp. 284, 289–90 (E.D.Tenn.1978).

■ The second motion is a Rule 52(b) motion for amendment to the judgment. The primary purpose of a Rule 52(b) motion is to enable the party to obtain a correct understanding of the Court's findings, typically for appeal purposes. In doing so the movant raises questions of substance by seeking reconsideration of material findings of fact or conclusions of law. *Leishman v. Associated Wholesale Elec. Co.*, 318 U.S. 203, 205, 63 S.Ct. 543, 544, 87 L.Ed. 714 (1943); *see also, United States v. Crescent Amusement Co.*, 323 U.S. 173, 65 S.Ct. 254, 89 L.Ed. 160 (1944). Inasmuch as the Court made no findings of fact, and its only conclusion of law, qualified immunity, was adequately addressed by the October 27, 1989 Order of this Court, we will restrict the review to that encompassed under Fed.R.Civ.P. 59(e) Motion to Alter or Amend Judgment.

■ In review of the plaintiffs' motion it would appear that the plaintiffs argue that the Court failed to adequately consider their motion for leave to file an amended complaint, which was filed fourteen (14) days prior to the issuance of this Court's Order. However, the Court did consider the plaintiffs' motion and the basis for the motion, to wit: that the affidavit was sworn out by defendant Kelly Hamilton, and that the affidavit was "false". These were addressed by the Court in the Order at page 5. The Court noted that Defendant Hamilton swore out the affidavit. As for the conclusory allegation of having been "absolutely false and a deliberate misrepresentation", the Court observed the lack of evidence to demonstrate the conclusion and thus properly dismissed the defendants under the defendants' argument of qualified immunity.

Therefore, it is this Court's conclusion that the Opinion and Order was proper, and as such, the plaintiffs' motion is hereby DENIED.

IT IS SO ORDERED.

---

**1.** This is not to be confused with the Motions for Reconsideration pursuant to Rule 72(a), which specifically deals with the reconsideration of a magistrate's nondispositive order.