In re Dan Kenneth BRAUN, Debtor.

Dan Kenneth BRAUN, Plaintiff,

v.

CHAMPION CREDIT UNION,
Defendant.

Bankruptcy No. 90–01336.
Adv. No. 91–3122.

United States Bankruptcy Court,
N.D. Ohio, W.D.

May 18, 1992.

Phillip Browarsky, Daniel Camick, Toledo, Ohio, for plaintiff.

Richard A. Shinaberry, Gordon Barry, Toledo, Ohio, for defendant.

## OPINION AND ORDER DENYING MOTION TO AMEND JUDGMENT AND AWARDING COMPENSATORY DAMAGES

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter came on for hearing upon defendant's motion to amend judgment and plaintiff's affidavit for compensatory damages, both filed in response to this court's March 26, 1992 opinion and order, 141 B.R. 133, awarding sanctions for violation of injunction. Upon consideration of the record and oral arguments of the parties, the court finds that defendant's motion to amend judgment should be denied and that judgment should be awarded in favor of plaintiff against defendant and its former attorney Richard A. Shinaberry, jointly and severally, in the amount of $7,398.87 for compensatory damages.

## FACTS

The court will not reiterate the facts of this case as they are sufficiently set forth in this court's March 26, 1992 opinion and order awarding sanctions for violation of injunction (hereinafter opinion and order). As a result of the opinion and order, this court directed plaintiff to file, within ten days of the opinion and order, an affidavit detailing amounts for which compensatory damages were sought; defendant was granted ten days thereafter in which to object to plaintiff's affidavit. On April 6, 1992, plaintiff filed an affidavit for compensatory damages requesting $8,328.87 including out of pocket expenses in the amount of $291.37, attorney's fees for Philip Browarsky in the amount of $4,977.50, and attorney's fees for Daniel Camick in the amount of $3,060.00. Defendant objects to plaintiff's affidavit stating that the punitive damages previously awarded include attorney's fees, that the attorneys' services are duplicative and that, overall, the amount is not reasonable.

The March 26, 1992 opinion and order also assessed damages against defendant and its counsel in the amount of $15,000. On April 3, 1992, defendant filed a motion to amend judgment pursuant to rule 9023 Federal Rules of Bankruptcy Procedure and rule 59(e) of Federal Rules of Civil Procedure. Defendant asserts that the court's award of damages against defendant's counsel is improper as no prior notice, permitting counsel an opportunity to be heard, was afforded pursuant to bankruptcy rule 9020. Defendant also contends that the damages were improperly assessed pursuant to rule 11 Fed.R.Civ.P. Finally, defendant maintains that because plaintiff did not come to court with clean hands, assessment of damages is inappropriate. Plaintiff, on May 1, 1992, filed a motion to file instanter a memorandum in opposition to defendant's motion. Defendant did not object to said motion, either in writing or orally at the hearing.

## DISCUSSION

The court will first address defendant's motion to amend judgment as disposition of that issue may moot the affidavit for compensatory damages. Additionally, because defendant has not objected to plaintiff's motion to file instanter a memorandum in opposition, the court will grant same.

▮ Initially, defendant asks this court to amend its opinion and order, in fact, to reconsider that entry. Such a motion serves the limited function of correcting "a manifest error of law or fact or to present newly discovered evidence." *In re James B. Downing & Co.*, 94 B.R. 515, 20 C.B.C.2d 1583 (Bkrtcy.N.D.Ill.1988) (citations omitted). *See also Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207 (5th Cir. 1986). That is, the basis for a rule 52(b) motion to amend or make additional findings include:

> (1) that the trial court has made a manifest error of law or fact;
> (2) that there is newly discovered evidence, or
> (3) that there has been a change in the law.

*Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 609 F.Supp. 451, 452–53 (S.D.N.Y.1984), *modified* on other grounds, 782 F.2d 329 (2d Cir.1986).

Additionally,

> except for motions to amend based on newly discovered evidence, the trial court is only required to amend its findings of fact based on evidence contained in the record. To do otherwise would defeat the compelling interest in the finality of litigation.

*Fontenot*, 791 F.2d at 1219. Defendant's motion asserts no new facts.

Furthermore, in considering defendant's motion, the court notes that

> a party, through hindsight, may realize that it did not make its initial case as compelling as it might have but it cannot charge the [court] with responsibility for that failure through this Rule 52(b) motion.

*Id.* at 1220.

▮ Defendant states that the court sanctioned defendant and its counsel, without a hearing, for conduct outside this court's jurisdiction, and in favor of plaintiff who committed fraud. First, defendant and its counsel was afforded a hearing.

Plaintiff's complaint requested $1,000 compensatory damages and $1,500 punitive damages. At trial, plaintiff's counsel asked that the damages be increased ten fold, orally requesting $10,000 compensatory damages and $15,000 punitive damages. Opinion and Order, 141 B.R. at 135. After the trial, the court awarded $15,000 punitive damages, reserving the compensatory damages award until further documentation had been filed, reflecting actual damages.

At trial, no representative from defendant was present, nor was any representative called to testify. Rather, defendant's counsel testified, at great length on direct and cross examination, concerning the issues presented in plaintiff's complaint and defendant's counterclaim. Not only was defendant and its counsel on notice of plaintiff's request for damages, but defendant chose, through its counsel's testimony, to defend against this request. The court, upon review of the record, finds that defendant and its counsel received notice of the request for damages and was afforded the opportunity for hearing; defendant's counsel, in fact, testified.

■ Additionally,

no hearing is required where an attorney is sanctioned for filing frivolous motions ungrounded in law or fact, and where the judge imposing sanctions has participated in the proceedings. These are the circumstances in [this] case; nevertheless, he was afforded a full blown hearing complete with confrontation privileges and an opportunity to present arguments and supporting documentation. Therefore, [he] enjoyed more than minimum due process protection.

*INVST Financial Group v. Chem–Nuclear Systems*, 815 F.2d 391, 405 (6th Cir. 1987) (citation omitted), *cert. denied* 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987). The court finds this same situation present. Mr. Shinaberry, on behalf of defendant, testified at trial; he was aware of plaintiff's request for damages. In fact, plaintiff's complaint was premised only upon damages, requesting judgment for compensatory and punitive damages. The

court is unpersuaded that its opinion and order should be altered.

■ Defendant's counsel at the instant hearing asserted that defendant has filed no frivolous pleadings. The court does not concur. As stated in the opinion and order, defendant's counterclaim, filed in this court, is identical to its state court complaint. Opinion and Order, 141 B.R. at 143. Defendant's counterclaim is not well grounded in fact or warranted by existing law. The allegations of the counterclaim are in direct violation of this court's discharge order and as discussed, *infra* pp. 137–38, represent defendant's attempt to collect a discharged debt. As a result of these actions, sanctions were appropriately assessed.

Defendant next states that the imposition of sanctions is improper for pleadings filed in the state court action. The court does not agree with defendant's characterization. Plaintiff's complaint requests damages pursuant to 11 U.S.C. § 524, the permanent injunction resulting from plaintiff's discharge in bankruptcy. In violation of that discharge order, defendant instituted a state court complaint.

■ Defendant's counsel, at the hearing upon its motion to amend judgment, asserted that the state court action would be amended to seek recovery as a result of plaintiff's postpetition activities. This assertion is contrary to Mr. Shinaberry's testimony at the trial upon plaintiff's complaint. At trial, Mr. Shinaberry stated that he did not know if the conversion was prepetition or postpetition. Opinion and Order, 141 B.R. at 136, 137–38. The testimony of Mr. Shinaberry reflected that defendant's actions were taken, even though its counsel was unsure when the activity occurred. The court found these actions to be in violation of its discharge order, and, accordingly, awarded damages as a result. This court is still convinced that the state court action, taken in violation of the permanent injunction, was premised upon a discharged debt.

Furthermore, defendant's state court complaint requested judgment in the amount of the outstanding debts due from

plaintiff to defendant at the time of plaintiff's petition. That is, at the time of the filing of plaintiff's petition, he owed defendant $275.52 on the car loan and $1,726.24 on a charge account. Opinion and Order at 137–38. The state court judgment was in the amounts of $2,001.76 (the total of the outstanding prepetition debt, $275.52 + $1,726.24), $5,000.00 (punitive damages), and $1,260.00 (attorney's fees). *Id.* at 142. These amounts, again, reflect that defendant through its counsel was attempting to collect a debt discharged by this court's order, in addition to punitive and compensatory damages, including attorney's fees. This judgment was taken during the pendency of plaintiff's complaint and does not represent a judgment taken for conversion and in rem action. The court, again, finds this conduct reprehensible and, accordingly, awarded damages. The court will not alter its judgment.

■ At the hearing held upon the instant issues, defendant introduced an affidavit filed on November 6, 1991 with the state court which evidences defendant's knowledge that it knew that the loan obligation of plaintiff had been discharged in bankruptcy. *See* Defendant's Exhibit 1 (defendant's treasurer affidavit of damages). Defendant's counsel asserted at the hearing that defendant was an innocent party; if sanctions are appropriate, same should be assessed against Mr. Shinaberry, only. The affidavit, however, convinces the court that the opinion and order was appropriate. Defendant, through its treasurer, as evidenced by his affidavit, knew that it was attempting to collect a discharged debt. Defendant and its counsel's conduct was in violation of the discharge order of this court. Such flagrant actions require the imposition of sanctions.

> The notes of the Advisory Committee on Rules explain that "[t]he new language stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule."

*Davis v. Crush*, 862 F.2d 84, 87 (6th Cir. 1988).

> "Under Rule 11, sanctions may be imposed if a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay."

*Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir.1988) (citations omitted). *See also Jackson v. Law Firm of O'Hara, Ruberg, et al.*, 875 F.2d 1224 (6th Cir.1989) (Rule 11 imposes three obligations on the signing attorney. First, the attorney must conduct a reasonable inquiry to determine that the document is well grounded in fact. Second, the attorney must conduct a reasonable inquiry to determine that the positions taken are warranted by existing law or as good faith arguments for extension or modification of existing law. Third, the document must not be filed for any improper purpose.).

Thus, defendant's filing of its counterclaim, which, incidentally, is identical in most respects to the state court complaint, represents defendant's failure to satisfy some prefiling inquiry; the relief defendant requested was violative of the discharge order. Furthermore, the court is convinced that defendant's actions were interposed to harass plaintiff or to coerce plaintiff into reaffirming the debt. *See* Opinion and Order, 141 B.R. at 135–36. As a result, this court "shall" impose sanctions, which it did.

■ Third, defendant asserts that sanctions are inappropriate as a result of plaintiff's fraud. Plaintiff testified that he did not intend to conceal or deceive the whereabouts of the collateral. Opinion and Order at 135. Furthermore, at the time of the transfer, he had forgotten that defendant had a loan on it. *Id.* Indeed, the facts reveal that the unpaid obligation on that security agreement was $275.52. *See supra* p. 147. If plaintiff's conduct was fraudulent, defendant's recourse is within the jurisdiction of this court. Remedies available to defendant, during the pendency of plaintiff's petition included a properly

filed motion seeking relief from stay or a complaint to determine dischargeability of debt or to object to plaintiff's discharge, establishing plaintiff's actual fraud. Defendant's failure to pursue these remedies results in an extinguishment of that remedy. *See Neeley v. Murchison,* 815 F.2d 345 (5th Cir.1987) (participants in bankruptcy proceedings are assured that, within the set period of 60 days, they can know which debts are subject to an exception to discharge); *In Re Hill,* 811 F.2d 484 (9th Cir.1987) (we affirm the bankruptcy court's finding that it could not enlarge the filing period for a complaint to determine dischargeability).

■ Finally, defendant states that the state court judgment entry has been vacated, in compliance with the opinion and order directing defendant to cause the state court judgment entry "to be expunged." Perhaps counsel needs direction on this point. Because the court found that defendant and its counsel had violated the permanent injunction, it ordered expungement of the state court judgment entry. Such a directive requires defendant "to destroy; blot out; obliterate; erase; efface designedly; strike out wholly." Black's Law Dictionary 582 (6th ed. 1990). Vacating is not expungement; that judgment entry remains intact and is, as asserted by plaintiff's counsel, no doubt, reflected on plaintiff's credit report. Additionally, defendant's counsel asserted that the state court action would be amended to request judgment for postpetition activities against plaintiff. *See supra* p. 147. Obviously, defendant still intends to pursue plaintiff. Defendant's motion to alter judgment is not well taken and should be denied.

■ The court will next consider the requested compensatory damages, as set forth in plaintiff's affidavit. The standard for determining the amount is that which is reasonably necessary. *INVST,* 815 F.2d at 405. *See also Jackson,* 875 F.2d at 1225 (sanctions include reasonable attorney's fees).

■ Plaintiff requests out of pocket expenses in the amount of $291.37, for attending the trial upon his complaint, representing one day's wages, rental car costs and food. His appearance was necessary in defending against defendant's counterclaim and in prosecution of his complaint. The court finds this amount reasonable and compensable and will award same.

■ Plaintiff also requests compensatory damages for attorney's fees. During the pendency of plaintiff's case, two attorneys have represented him, Mr. Phillip Browarsky initially and until May, 1991, and Mr. Daniel Camick from June, 1991 until the present. Mr. Browarsky, again, represented plaintiff from January, 1992 until the present. Reviewing Mr. Browarsky's fee statement, the court will disallow several entries as they lack detail. That is, the following entries do not specify the content of the discussion:

| 11-1-90 | Telephone conversation with Richard Shinaberry | .50 hours |
| 4-2-91 | Letter to Atty. Richard Shinaberry | .25 hours |
| 5-3-91 | Letter to client | .25 hours |

As a result, the court is unable to determine the reasonableness of the service. The court finds the remaining services rendered to be both reasonable and necessary in prosecution of plaintiff's complaint. As a result, the court will award compensatory damages representing attorney's fees for Mr. Browarsky in the amount of $4,812.50 (38.5 hours at $125 per hour).

■ Upon review of the affidavit detailing the services rendered and time spent thereon, the court will not award compensatory damages for time spent by each attorney for the same service. That is, both attorneys prepared and attended trial. Although Mr. Browarsky, who prosecuted plaintiff's case, indicated that Mr. Camick's appearance was invaluable to plaintiff's case, the court does not agree. Accordingly, the court will disallow compensation for the following services rendered by Mr. Camick:

| 3-18-92 | Trial to Judge Krasniewski | 4.0 hours |
| 3-13-92 | Trial Preparation | 3.0 hours |
| 1-31-92 | Meeting with Atty. Phillip Browarsky in preparation or trial | 1.5 hours |

The remaining services are reasonable, rendered in defending against defendant's counterclaim and prosecution of plaintiff's complaint. The court, then, awards total compensable damages representing attorney's fees for Mr. Camick of $2,295.00 (25.5 hours at $90 per hour).

Total compensatory damages due plaintiff are $7,398.87 ($291.37 + $2,295.00 + $4,812.50). In light of the foregoing, it is therefore

ORDERED that plaintiff's motion to file instanter a memorandum in opposition be, and hereby is, granted. It is further

ORDERED defendant's motion to amend judgment pursuant to rule 9023 Federal Rules of Bankruptcy Procedure and rule 59(e) of Federal Rules of Civil Procedure be, and hereby is, denied. It is further

ORDERED that plaintiff Dan Kenneth Braun be, and hereby is, granted judgment in the amount of $7,398.87 against defendant Champion Credit Union and its former counsel, Richard A. Shinaberry, jointly and severally as compensatory damages.