Kristi JOHNSON, Plaintiff,

v.

William J. HENDERSON, Postmaster General, et al., Defendant.

No. 3:01CV7236.

United States District Court,
N.D. Ohio,
Western Division.

Nov. 6, 2002.

Patricia Horner, Toledo, OH, for Plaintiff.

Holly Taft Sydlow, Office of the United States, Northern District of Ohio, Toledo, OH, for Defendants.

### MEMORANDUM OPINION

KATZ, District Judge.

Pending before this Court is Defendant United States Postal Service's ("USPS") Motion for Reconsideration of Exhaustion of Administrative Remedies Issue and Request for Hearing (Doc. No. 48). On October 31, 2002 this Court conducted a hearing on the foregoing motion. For the reasons stated herein, the Court will deny Defendant's motion.

### I. BACKGROUND

Plaintiff Kristi Johnson commenced employment as a mail handler with Defendant USPS in January 1998. Plaintiff alleges that throughout her employment, male coworkers made demeaning and derogatory sexist comments to her and another female coworker. In addition, Plaintiff alleges

that her supervisor, Mike Rosebrock,[1] made an inappropriate comment about her wardrobe. Plaintiff further alleges that male coworkers would attempt to look down her shirt while she would dump mail. On one particular occasion, Plaintiff was propositioned to have sex and subsequently complained to Mr. Rosebrock. Plaintiff filed an internal Equal Employment Opportunity ("EEO") complaint and lodged a complaint with the plant manager, Defendant Randy Carter, regarding this incident. This claim was settled through the administrative process on November 23, 1998.

In September 1999, Plaintiff requested but was denied a transfer out of her unit. Plaintiff purports to have lodged numerous complaints with Rosebrock, Carter, and EEO Coordinator Dennis Mussery, all to no avail.

Plaintiff also complains of disparate treatment between male and female employees, citing more favorable treatment of males regarding lengths of break times and leaves of absence. Plaintiff further alleges that her male coworkers' harassment and overall discriminatory conduct toward female employees has interfered with her ability to perform her job.

Plaintiff filed suit in this Court on May 11, 2001 against William J. Henderson, Postmaster General[2] and Randall Carter, alleging four causes of action: (1) unlawful discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); (2) sex discrimination pursuant to OHIO REV.CODE § 4112.99; (3) violation of Ohio public policy; and (4) infliction of emotional distress. On June 11, 2001, Plaintiff dismissed the latter three of these claims pursuant to Federal Rule of Civil Procedure 41(a).

The sole cause of action before this Court is Count I, Plaintiff's claim for sexual discrimination pursuant to Title VII.

Defendants previously moved for summary judgment on Count I arguing that Plaintiff failed to exhaust her administrative remedies on the basis that the allegations in the administrative complaints do not mirror those in the judicial complaint. Defendants further asserted that any claim premised upon the incident set forth in paragraph fifteen of the Complaint is barred because Plaintiff settled a claim regarding this incident. Defendants also argued that Defendant Carter cannot be held liable as a supervisor because employees/supervisors do not meet the Title VII statutory definition of "employer."

In its decision filed March 14, 2002, this Court granted summary judgment to Defendant Carter on Count I and to Defendant USPS as to the previously settled claim asserted in paragraph fifteen of Count I. The Court denied summary judgment as to Defendant USPS regarding the remainder of Count I on the basis that the instant civil action is fairly regarded as within "the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 545 (6th Cir.1991).

Defendant USPS has now come forward essentially reasserting its previous arguments, asking this Court to reconsider its previous ruling denying summary judgment to Defendant USPS on Count I.

## II. DISCUSSION

### A. Reconsideration Standard

 Although a motion for reconsideration is not mentioned in the Federal

---

1. Mr. Rosebrock is not a Defendant in this action.

2. John E. Potter, as the current Postmaster General, was automatically substituted as a Defendant pursuant to Federal Rule of Civil Procedure 25(d)(1).

Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir.1991); *Shivers v. Grubbs*, 747 F.Supp. 434 (S.D.Ohio 1990). The purpose of a motion to alter or amend judgment under Fed.R.Civ.P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). Generally, three situations justify a district court altering or amending its judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *In re Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr.N.D.Ohio 1994); *Braun v. Champion Credit Union*, 141 B.R. 144, 146 (Bankr.N.D.Ohio 1992), *aff'd*, 152 B.R. 466 (N.D.Ohio 1993); *In re Oak Brook Apartments of Henrico County, Ltd.*, 126 B.R. 535, 536 (Bankr.S.D.Ohio 1991). It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998) (explaining that "[a] motion under Rule 59(e) is not an opportunity to re-argue a case"). The Sixth Circuit has indicated:

> "Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judg-

ment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence."

*Id.* (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).

### B. Plaintiff Has Exhausted Her Administrative Remedies

■ Exhaustion of administrative remedies is a mandatory pre-requisite to an action alleging federal employment discrimination. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). In its original motion for summary judgment, Defendant asserted that "[t]he only administrative claim of discrimination ... [Plaintiff] brought forth concerned her claim on October 30, 1999, she experienced an anxiety attack due to the actions of ... [a coworker] and thereafter management failed to respond appropriately." Defs.' Resp. at 5. Defendant asserted that because Plaintiff does not mention this incident in her Complaint, her administrative actions in regard to this incident do not fulfill her exhaustion requirements. Despite this Court's previous ruling, Defendant now reasserts its former argument. Defendant further argues that other EEO complaints filed by Plaintiff, the existence of which Defendant now apparently recognizes, are either untimely or otherwise unrelated to the instant action.

The Court agrees that the following EEO complaints cannot serve as the basis for the instant suit: (1) EEO Case No. 1C443000999, J. Ex. C, previously settled; (2) EEO Case No. 1C443004799, J. Ex. D, suit not timely filed within ninety day period; (3) EEO Case No. 1C443007199, J. Ex. E, EEO complaint concerns racial discrimination and instant suit is predicated only upon race; and (4) EEO Case No. 1C443002500, dismissed as untimely for failure to comply with requirements of 29 C.F.R. § 1614.106(b).[3]

---

**3.** Plaintiff filed a formal complaint in Case No. 1C443002500 125 days after receipt of

the notice of right to file a complaint. 29

■ However, contrary to Defendant's assertion, EEO Case No. 1C443001300, J. Ex. F, can be fairly said to relate to the subject matter of the instant litigation. The judicial complaint asserts, *inter alia,* that:

It has been Plaintiff's experience since working at the Post Office that female hourly workers, especially mail handlers, are not accepted on the same level as similarly situated male handlers and are constantly harassed, almost on a daily basis, because of their sex, and are treated differently than similarly situated male co-workers.

Prior to filing this action, Plaintiff filed charges of unlawful discrimination and unlawful harassment on the basis of sex with the Equal Employment Opportunity Commission (EEOC). The EEOC has denied her charges.

Compl. ¶¶ 25, 26 at 4.

■ In EEO complaint Case No. 1C443001300, Plaintiff asserts retaliation, as well as discrimination based on sex and race. In the EEO Investigative Affidavit related to Case No. 1C443001300, Plaintiff asserts she was not taken to the hospital for medical treatment "[b]ecause I[sic] female and they said before to me that they don't like woman [sic] in this unit 010." J. Ex. F. Plaintiff also makes reference to repeated harassment by Al Kramer and "other guys in that unit." *Id.* Notably, Plaintiff does not request only that the immediate situation of which she complained be addressed, *i.e.,* failure to obtain medical treatment for plaintiff's anxiety attack resulting from allegedly being constantly paged to pick up mail. Plaintiff also requests in the affidavit that "something be done about all of the harassment in 010 unit." *Id.* While it is true that the paging incident is not referenced in the judicial complaint, the allegations in the complaint need not be based strictly or solely on the facts giving rise to the administrative charge, so long as the civil action is within "the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *See Ang v. Procter & Gamble Co.,* 932 F.2d 540, 545 (6th Cir.1991); *see also Abeita v. TransAmerica Mailings,* 159 F.3d 246, 254 (6th Cir.1998). Defendant presents no new facts or intervening law that persuades this Court to depart from its previous ruling.

■ The Court notes that Plaintiff's primary argument in opposition to Defendant's reconsideration motion is that Dennis Mussery, EEO counselor, prevented Plaintiff from filing EEO complaints on numerous occasions and that Plaintiff was otherwise confused regarding the time requirements relating to EEO filings and Title VII complaints. This argument is apparently presented as a basis for the equitable tolling of various time limitations. However, based on the written information given to Plaintiff during EEO counseling sessions, *e.g.* J. Ex. H, as well as the information contained in prominently displayed posters of which Plaintiff admits she was aware, *e.g.* J. Ex. I, and other written document generally made available to employees, the Court finds no basis for equitable tolling.

■ Nonetheless, despite the lack of grounds for equitable tolling, if Plaintiff timely contacted an EEO counselor regarding the formal complaint filed as Case No. 1C443001300, this complaint is sufficient to fulfill Plaintiff's exhaustion requirement, as previously determined by the Court in its March 14, 2002 ruling. Unfortunately, it is not clear from the record whether Plaintiff contacted an EEO

C.F.R. § 1614.106(b) provides that "[a] complaint must be filed within 15 days of receipt of the notice required by § 1614.105(d), (e) or (f)."

counselor regarding this incident within the 45 day time period required by 29 C.F.R. § 1614.105. The record reveals only that the conduct complained of in Case No. 1C443001300 is alleged to have taken place on October 1, 1999 and Plaintiff filed a related formal EEO complaint of discrimination on December 17, 1999.

Relying solely on the declaration of Denis Mussery, previously filed in support of Defendant's motion for summary judgment, and reasserted in support of the instant reconsideration motion, Defendant asserts that "[w]ith one exception, Plaintiff did not exhaust the requisite administrative procedures set forth in 29 C.F.R. Part 1614," Def.'s mot. at 3–4, including the requirement that a complainant must contact an EEO counselor within 45 days of an alleged discriminatory event. In this declaration, Mussery states that other than the settled claim referenced in paragraph fifteen of the complaint, "[t]here are no other records in the above-referenced files which indicate that Ms. Johnson contacted an EEO counselor pursuant to 29 C.F.R. § 1614.105(a)(1), filed a formal written complaint pursuant to 29 C.F.R. § 1614.106, or otherwise attempted to exhaust the procedures set forth at 29 C.F.R. Part 1614 concerning the allegations of discrimination described in other paragraphs of the complaint." Mussery Decl. ¶ 3 at 2. For numerous reasons, the Court does not place great weight on this affidavit. First, Defendant's reference in its pre-hearing brief to numerous other EEO complaints refutes Mussery's statement as to the absence of such complaints. In addition, Mussery's declaration is based only upon a review of "the files maintained in [his] office," but there is no indication as to precisely what type of documents Mussery maintains in his office. Most notably, the ALJ's decision regarding Case No. 1C443001300 concludes that "Complainant has satisfied the procedural prerequisites for a hearing," J. Ex. F, thereby suggesting that Plaintiff timely contacted an EEO counselor regarding this claim.

Mussery's affidavit is at best a legal conclusion drawn as to the relatedness of the EEO allegations to the allegations in the instant judicial complaint. This Court has already determined, based on well-established Sixth Circuit precedent, that numerous allegations in the instant complaint could reasonably be expected to grow out of an investigation of the allegations made in support of EEO Case No. 1C443001300. Absent evidence that Plaintiff failed to timely contact an EEO counselor prior to filing EEO Case No. 1C443001300, Plaintiff's Title VII claim for sex-based discrimination will proceed.

### III. CONCLUSION

Based upon the foregoing, the Court will deny Defendant's Motion for Reconsideration (Doc. No. 48). The November 5, 2002 trial date will be vacated. The parties shall submit, on or before November 18, 2002, briefs as to Plaintiff's compliance with the administrative exhaustion requirements regarding EEO Case No. 1C443001300.

IT IS SO ORDERED.