**Clarence D. ANDERSON;
et al., Plaintiffs,**

v.

**John M. THOMPSON;
et al., Defendants.**

**Clarence D. ANDERSON;
et al., Plaintiffs,**

v.

**ASSOCIATED ORCHARDS, INC.;
et al., Defendants.**

**Nos. C–86–241–RJM, C–86–383–RJM.**

United States District Court,
E.D. Washington.

Nov. 16, 1992.

Spencer Hall, Janet McEachern, Mundt, MacGregor, Happel, Falconer, Zulauf & Hall, Seattle, Wash., for plaintiffs.

Bradley Keller, Ralph E. Cromwell, Jr., Byrnes & Keller, Seattle, Wash., for Richard P. Matthews.

James L. Magee, Larry J. Smith, Graham & Dunn, Seattle, Wash., for LeSourd & Patten, Francis A. LeSourd, Woolvin Patten, Donald D. Fleming, George M. Hartung, Meade Emory, Leon C. Misterek,

Dwayne E. Copple, Thomas McLaughlin, John F. Colgrove, C. Dean Little, Lawrence E. Hard, Rodney J. Waldbaum, Bruce G. Hanson, D. William Toone, Jr., Daniel D. Woo, John R. Beard, David A. Lawer, Roger Cremo and Carl J. Carlson.

Barry Kaplan, Perkins Coie, Seattle, Wash., for Weinrich, Gilmore & Adolph, Bert H. Weinrich, Jr., Carl P. Gilmore, Robert J. Adolph, Lance Christopher Dahl, A. Peter Parsons and Walter M. Maas, III.

## ORDER

McNICHOLS, District Judge.

Judgment on the jury's verdict in favor of plaintiffs was entered on October 19, 1992. The defense has filed a timely post-trial motion pursuant to FRCP 50 and 59 and plaintiffs seek a new trial on damages. By letter dated November 4, 1992 counsel for plaintiffs, writing on behalf of all counsel, advised that a tentative settlement has been reached and requested that no action be taken on the motions pending completion (or unraveling) of negotiations. The letter also seeks a ruling on whether the filing of responsive briefing may be delayed for an indeterminate period while settlement efforts proceed.

To understate the proposition, this securities/RICO litigation is complex. The issues are wide-ranging and questions of first impression abound. Beyond the legal issues, the files are expected to expand geometrically as counsel sort through the testimony and the thousands of documents adduced during the three-month trial. Requiring responses now would utterly waste counsels' time and unnecessarily deplete the parties' resources if settlement is achieved. These features notwithstanding, several counsel see an impediment in Rule 59(c) and fear that a delay in filing opposition material could result in waiving the right to respond:

Defendants are concerned that Rule 59(c) might be read to prevent them from responding after a 20–day extension even though Rule 6(b) does not limit Rule 59(c) as it does Rule 59(b), (d) and (e). Since the settlement process might take more than 20 days, we would appreciate it if the court could indicate whether it considers the limit to be 20 days so, if necessary, we could respond within that limit.

Letter from Spencer Hall to the Court dated November 4, 1992.

Rule 59(c) provides:

When a motion for new trial is based upon affidavits they shall be served with the motion. The opposing party has 10 days after such service within which to serve opposing affidavits, which period may be extended for an additional period not exceeding 20 days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits.

The question posed has not arisen before. This Court routinely grants extensions for both opening and responsive briefing on post-trial motions reasoning that the ten-day time limit of Rule 59 applies by its own terms only to the motion and supporting affidavits, not memoranda of points and authorities. That is why the Order entered herein on September 17, 1992 sua sponte offered to grant enlargement:

The parties have no doubt been working on their cost bills and post-trial motions since the verdict and if so, the following precaution may be unnecessary. If any party requires an enlargement of time in which to file either an opening brief or responsive material, extensions will be freely granted upon request. If any party believes a telephonic conference would be helpful in setting a briefing schedule, arrangements may be made through the staff.

Counsel cannot be faulted for their perhaps timorous approach to ensuring that the requisites of Rule 59 are met. The rule is jurisdictional in nature. *Hulson v. Atchison, T. & S.F. Ry. Co.*, 289 F.2d 726, 729 (7th Cir.), *cert. denied*, 368 U.S. 835, 82 S.Ct. 61, 7 L.Ed.2d 36 (1961). Whenever jurisdiction is at stake, attorneys justifiably tend to become nervous. Moreover, the lawyers in this case are accomplished professionals. If they envision some problem in the offing, such concerns should be taken seriously. It appears to the Court, how-

ever, that fears over applicability of Rule 59(c) are unfounded for at least four reasons.

■ First, nothing in Rule 59 requires affidavits. Submission of such material is permissive and subsection (c) has no relevance to a motion which is complete in itself. See *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1248–49 (9th Cir.1982), *cert. denied,* 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983). The parties' motions fully satisfy the requisites of FRCP 7(b)(1). Both are complete in that each sets forth with particularity the relief sought and the grounds therefor. *Id.* Neither purports to rely on affidavits and thus there will be no opposing affidavits. The short answer is that Rule 59(c) becomes operative only "when a motion for new trial is based upon affidavits." That is not the case here.

■ Second, Rule 59(c) deals only with affidavits. That term has a well defined meaning. Affiants do not summarize evidence or argue the law.[1] Affiants state *facts* of which they have personal knowledge. Black's Law Dictionary (5th ed.). Only in those instances where extrinsic facts are germane to resolving post-trial motions is Rule 59(c) triggered. Requiring that new facts be placed on the table in a timely manner serves the fundamental purpose of Rule 59 in promoting the finality of judgments while still allowing the trial court to correct errors. Briefing, on the other hand, neither adds to nor subtracts from the sufficiency of a motion for Rule 7 purposes. In sum, Rule 59(c) does not dictate when legal memoranda may or must be submitted. That is controlled by local practice. Local Rule 7.

■ Third, the FRCP prescribes no time limit on when argument may be heard. The hearing might occur immediately after joinder of the issues, or a month later, or six months later. Whenever it is held, counsel need not stand mute at the hear-

ing. Rather, they will be expected to advance their respective views with vigor and to direct prodigious case law to the Court's attention. Could an attorney appear at the hearing and simply read a brief into the record? Not good advocacy to be sure, but nothing in the FRCP prohibits it. While counsel is reading his 530–page brief into the record,[2] could he hand the Court a copy to read along? Again, not the best practice, but nothing in the FRCP forbids it. The plain fact is that there is no time limit on responding to a post-trial motion orally. There is no logical reason to allow counsel to express their views orally at any time but to preclude them from reducing their thoughts to writing unless done within the time limit for bringing the motion.

■ Finally, even if Rule 59(c) had some relevance to memoranda, the time limitations of the rule are subject to enlargement pursuant to FRCP 6(b). Rule 6(b) applies to all rules in the FRCP save for those specifically carved out; *viz.,* Rules 50(b) & (c)(2), 52(b), 59(b), (d) & (e), 60(b) and 74(a). Conspicuous by its absence is Rule 59(c). True, Rule 59(c) contains its own enlargement terms by providing that the filing period may be extended "for an additional period not exceeding twenty days," but that is of little moment for three reasons.

First, a number of rules provide for action to be taken within specified mandatory time limits, but that has never been thought to bar enlargement under Rule 6(b) except as to those rules expressly exempted. *Leishman v. Associated Electric Co.,* 318 U.S. 203, 63 S.Ct. 543, 87 L.Ed. 714 (1943) (time limits of Rule 52(b) subject to enlargement under former Rule 6(b)). Second, prior to the 1946 amendments, Rule 6(b) provided that enlargement could not be granted in the Rule 59 context "except as stated in subdivision (c) thereof." See *Anderson v. Yungkau,* 329 U.S. 482, 484, 67 S.Ct. 428, 429, 91 L.Ed. 436 (1947) (quoting former rule). It seems probative of the

---

1. Well, some folks do, but it is not considered good form.

2. This is an inside joke which plaintiffs' counsel is probably tired of hearing. There really was a

530–page brief filed earlier in this massive 139–plaintiff/74–defendant action. Not appendices, not exhibits, not copies of authorities, but 530 pages of original material exclusive of indices.

drafters' intent that they pointedly deleted that terminology and failed to identify Rule 59(c) in the existing version of Rule 6(b) as among the rules not subject to enlargement. Third, there is no need to speculate on the drafters' intent. They spelled it out:

As to Rule 59(c), fixing the time for serving affidavits on motion for new trial, it is believed that the court should have authority under Rule 6(b) to enlarge the time, because, once the motion for new trial is made the judgment no longer has finality, and the extension of time for affidavits thus does not of itself disturb finality.

FRCP 6, *Notes of Advisory Committee on Rules,* 1946 Amendments.

THEREFORE IT IS ORDERED that:

(1) While probably unnecessary, in an abundance of caution, all counsel are granted leave to file memoranda and supplemental materials at such time as the motions may require a hearing.

(2) The Clerk shall take no action on pending cost bills. Objections to cost bills shall not be due until directed by further Order.