George W. Gessler, Chicago, IL, for defendant.

### Steven PAROJCIC, Plaintiff,

v.

### BETHLEHEM STEEL CORPORATION, Defendant.

### No. 2:95–CV–137–RL.

United States District Court,
N.D. Indiana,
Hammond Division.

Dec. 10, 1996.

### *ORDER*

LOZANO, District Judge.

This matter is before the Court on the Motion to Set Briefing Schedule and for Oral Argument, filed by Defendant, Bethlehem Steel Corporation ("Bethlehem"), on December 3, 1996. For the reasons set forth below, this motion is **GRANTED**.

A verdict was awarded against Bethlehem following a jury trial. Thereafter, Bethlehem simultaneously filed the motion at hand plus a motion it captioned "Motion for Judgment As a Matter of Law and Motion for a New Trial." In the motion at hand, Bethlehem asks the Court to set a schedule for it and Plaintiff to file briefs on the new trial/J.M.L. motion.

Bethlehem did not specify authority for its new trial/J.M.L. motion, but the motion would most likely be brought under Federal Rule of Civil Procedure 50, Rule 59, or both. Both rules give movants ten days after entry of judgment to file a motion under the rule. Fed.R.Civ.P. 50(b); Fed.R.Civ.P. 59(b). The rules mention nothing about deadlines for filing briefs in support of motions. The briefing schedule that Bethlehem suggests would necessarily mean that it would file its

supporting brief more than ten days after entry of the judgment against it.

Given these circumstances, the Court became concerned whether allowing Bethlehem to file its supporting brief after the ten-day deadlines stated in Rules 50 and 59 would violate those rules. However, after surveying what little relevant law it could find, the Court concludes that it may properly grant Bethlehem the time it requests to file its supporting brief.

Several reasons support the Court's conclusion. First, Bethlehem's new trial/J.M.L. motion states with some particularity the grounds for the motion. It is not as if Bethlehem has filed a terse statement merely signifying that it plans to file a motion but will figure out the details later. As such, Plaintiff is now on notice that he faces a post-trial motion and he knows what the essential grounds for that motion are. *See* Fed. R.Civ.P. 7(b) (requiring that motions "state with particularity the grounds therefor"). Second, had Bethlehem been forced to file a brief along with its motion, it would have had to prepare the brief without the benefit of consulting the trial transcript. (The court reporter here is unable to provide "real-time" transcript.) Requiring counsel to prepare potentially complex briefs based solely on their notes and memory could result in counsel doing less than their best work and thereby burdening the Court. Finally, allowing post-motion briefing may be necessary to prevent absurd results. As one district court has suggested, a lawyer prevented from filing a post-motion brief might nonetheless show up at a hearing on the motion and attempt to read a brief into the record. *Anderson v. Thompson,* 144 F.R.D. 393, 395 (E.D.Wash.1992). A court could hardly blame counsel for doing so, would likely benefit (awkwardly) from counsel providing some guidance with the orally presented brief, and nothing in the Federal Rules of Civil Procedure appear to forbid such an oral reading. *See id.*

In sum, the Court concludes that allowing Bethlehem time to file its supporting brief does not violate the rules' express requirement of filing motions within ten days. Accordingly, the Court now **ORDERS** that

Bethlehem's brief in support of its new trial/J.M.L. motion shall be filed by January 15, 1997, that Plaintiff shall have twenty days from being served with Bethlehem's brief to file his response, and that Bethlehem shall have seven days from being served with Plaintiff's response to file its reply.

Bethlehem asked for a hearing on its new trial/J.M.L. motion without say why one is needed. In keeping with Local Rule 7.5, the Court shall set a hearing on the motion only if a party demonstrates in writing that such a hearing will be productive.