Darrell **SHERWOOD**, Plaintiff,

v.

**ROYAL INSURANCE COMPANY OF AMERICA**, Defendant.

No. 3:02 CV 7136.

United States District Court,
N.D. Ohio,
Western Division.

Nov. 10, 2003.

---

Douglas S. Roberts, Clark, Perdue, Roberts & Scott, Columbus, OH, for Plaintiff.

Johnson G. Farnan, Lisa M. Sidoti, Shawn W. Maestle, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, OH, for Defendant.

## MEMORANDUM OPINION

KATZ, District Judge.

Pending before this Court are Plaintiff's Motion for Reconsideration (Doc. No. 43) and Motion to Extend Time for Filing Notice of Appeal (Doc. No. 45). For the following reasons, the Court will deny both motions.

### I. BACKGROUND

On November 24, 2000 Plaintiff Darrell Sherwood was a passenger in a vehicle owned by Jennifer Hardesty and driven by Adam Leppert. Plaintiff sustained various injuries after Leppert purportedly lost control of the vehicle and drove it off the road into a tree. It is undisputed that Plaintiff was not in a company vehicle and did not personally own the accident vehicle, nor was he acting in the scope of his employment at the time of the accident.

At the time of the accident, Leppert maintained an auto policy through State Farm Fire and Casualty Company, with liability limits of $50,000 per person and $100,000 per occurrence. State Farm apparently offered to settle with Sherwood for $50,000; it is not clear from the record whether this settlement was accepted and paid. Also at the time of the accident Sherwood was employed by Advance Stores, which maintained a commercial automobile policy issued by Defendant Royal Insurance Company of America ("Royal").

This case arose as a declaratory judgment action to determine whether Plaintiff is entitled to underinsured motorist coverage under Advance Stores' policy. Defendant previously moved for summary judgment on all claims, placing at issue whether an anti-*Scott–Ponzter*[1] endorse-

---

1. *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.,* 85 Ohio St.3d 660, 710 N.E.2d 1116 (Ohio 1999). Now in large part overruled, *Scott–Pontzer* stood for the proposition that an employee may recover under the uninsured/underinsured motorist ("UM/UIM") coverage of his employer's commercial automobile liability policy, even though the employee was not acting in the scope of employment at the time of his accident. In so ruling, the Ohio Supreme Court found vague the term "you" set forth in the policy's definition of an "insured." The court reasoned that "you" would be nonsensical if applied only to the named corporation, and thus the court extended coverage to the corporation's employees.

ment to the policy is valid, and notwithstanding this endorsement, whether any of the policy's exclusions preclude coverage.[2] Based on the policy's (C)(5)(d) exclusion, this Court ultimately found that Plaintiff was not entitled to coverage.[3]

In his reconsideration motion, Plaintiff challenges the enforceability of this exclusion. However, after the filing of this motion, the Ohio Supreme Court decided *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 797 N.E.2d 1256 (2003), in which it reversed the portion of *Scott–Pontzer* that would have provided for coverage in the instant case, even assuming the invalidity of the endorsement and the unenforceability of the exclusion on which this Court's prior ruling relies. Accordingly, as set forth herein the Court will deny Plaintiff's reconsideration motion.

## II. DISCUSSION

### A. Reconsideration Motion

■ Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir.1991); *Shivers v. Grubbs*, 747 F.Supp. 434 (S.D.Ohio 1990). The purpose of a motion to alter or amend judgment under Fed.R.Civ.P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whitney*, 489 U.S. 169, 174, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). Generally, three situations justify a district court altering or amending its judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *In re Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D.Ohio 1994). It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998) (explaining that "[a] motion under Rule 59(e) is not an opportunity to re-argue a case").

As noted above, based upon a particular exclusion in the Advance Stores' policy, the

2. In direct response to *Scott–Pontzer*, Royal issued a notice and new UM/UIM endorsement for its Ohio policies, changing the definition of an "insured" to "anyone else occupying a covered auto," and defining "covered auto" as "only those autos you own." In the new endorsement, "you" is specified as the named insured in the declarations, and "you" is no longer utilized in the definition of an insured. The stated intent of the endorsement was to "clarify that coverage does not apply to an employee injured while occupying or struck by a vehicle that is not owned, hired or borrowed by the insured unless the injuries are sustained while the employee is in the course of their employment." Def.' Mot. Ex. B. Based on various definitions and exclusions in the endorsement, Royal previously argued that Plaintiff was not in a covered auto, nor was he acting in the course and scope of his employment, and thus cannot recover under the policy pursuant to the endorsement's revised definition of an insured.

Plaintiff contested the validity of this endorsement, reasoning that absent this endorsement, all that remains of the policy is that part which contains language identical to that in *Scott–Pontzer* in which the Ohio Supreme Court found coverage based on a perceived ambiguity in the term "you."

3. Under this provision, coverage is denied for 'bodily injury sustained by "Any 'employee' while occupying or when struck by any vehicle not owned, hired or borrowed by you unless the 'bodily injury' is sustained while the 'employee' is in the course of his or her employment."

Court previously determined that Plaintiff was not entitled to coverage for his injuries because he was not in an "owned vehicle" and was not acting within the scope of his employment at the time he sustained his injuries. Plaintiff asserts that the exclusion upon which the Court relied is invalid.[4] In light of *Westfield,* regardless of the validity of the exclusion, Plaintiff is not entitled to coverage under the policy because he is not an "insured" thereunder, and thus the Court's prior ruling stands.

In *Westfield,* the Ohio Supreme Court reconsidered whether an insurance policy that names a corporation as an insured covers loss sustained by an employee of the corporation. Reviewing the policy language that the *Scott–Pontzer* court found to be ambiguous, the *Westfield* court concluded that such loss is covered only if sustained by an employee acting within the course and scope of employment, thus overruling in large part *Scott–Pontzer,* and overruling *in toto Ezawa v. Yasuda Fire & Marine Ins. Co. of Am.,* 86 Ohio St.3d 557, 715 N.E.2d 1142 (1999).[5] In *Westfield* the court indicated that it would follow *Scott–Pontzer* "to the extent that it held that an employee in the scope of employment qualifies as 'you' as used in CA 2133, and thus, is entitled to uninsured motorist coverage." [6] However, the court further determined that the remainder of *Scott–Pontzer* was wrongly decided, finding:

Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsurance motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. Additionally, where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as "other insureds" does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a "named insured."

*Westfield,* at 1271.

█ The pre-endorsement policy in the instant case contains the same ambiguity addressed by *Scott–Pontzer,* and it is upon this ambiguity that Plaintiff predicates his case. However even if, as argued by Plaintiff, the anti-*Scott-Pontzer* endorsement or the (C)(5)(d) exclusion in the Advance Stores' policy are invalid, Defendant still prevails based on *Westfield.* Here, Plaintiff was not acting in the scope of his employment at the time of the accident and thus is not an "insured" under the policy based on the "you" ambiguity, nor is he an actual named insured under the policy. Plaintiff provides no other basis on which the Court might regard him as an insured under the policy. Accordingly, either based on the Court's prior rationale,

4. Plaintiff asserts that the (C)(5)(d) exclusion's limitation of coverage to "owned autos" is tantamount to a reduction or rejection of UM/UIM coverage that must meet the requirements of *Linko v. Indemnity Ins. Co.,* 90 Ohio St.3d 445, 739 N.E.2d 338 (Ohio 2000). Plaintiff asserts that there is no evidence that these requirements have been met and thus the exclusion is unenforceable. Even if Plaintiff is correct, the argument is unavailing. As discussed herein, based on *Westfield,* Plaintiff is not an insured under the Advance Stores' policy.

5. In *Ezawa v. Yasuda Fire & Marine Ins. Co.,* 86 Ohio St.3d 557, 715 N.E.2d 1142 (1999), the Ohio Supreme Court, without comment, extended *Scott–Pontzer* to include coverage of a child of an employee of a corporation.

6. CA 2133 is standardized form promulgated by the Insurance Services Office, Inc. ("ISO"). The contested portion of the form at issue in *Scott–Pontzer* and *Westfield,* as well as in the instant action, sets forth various classes of parties who qualify as an "insured" under the respective policies.

**860**

or upon *Westfield,* Defendant in this case is entitled to summary judgment.

#### B. *Extension Motion*

Plaintiff has also moved for an extension of time in which to file his appeal. As noted above, a reconsideration motion is treated as a motion to alter or amend made under Federal Rule of Civil Procedure 59(e). Pursuant to Federal Rule of Appellate Procedure 4:

> If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> [* * *]
>
> (iv) to alter or amend the judgment under Rule 59[.]

FED. R.APP. P. 4(A)(iv).

The decision at issue in the present motion was issued and judgment entered on September 5, 2003. Plaintiff subsequently filed his reconsideration motion on September 9, 2003. Under Rule 59(e), a motion is timely if made no later than ten days after judgment. *See* FED.R.CIV.P. 59(e). Accordingly, because Plaintiff's motion is timely under Rule 59(e), Appellate Rule 4 provides that the time for appeal will not run until disposition of the present motion. Therefore, the Court will deny as moot Plaintiff's extension motion.

### III. CONCLUSION

Based on the foregoing, the Court will deny Plaintiff's Motion for Reconsideration (Doc. No. 43) and Motion to Extend Time for Filing Notice of Appeal (Doc. No. 45).

IT IS SO ORDERED.

### JUDGMENT ENTRY

For the reasons set forth in the Memorandum Opinion filed contemporaneously with this entry, IT IS HEREBY OR-DERED, ADJUDGED, AND DECREED that Plaintiff's Motion for Reconsideration (Doc. No. 43) and Motion to Extend Time for Filing Notice of Appeal (Doc. No. 45) are denied.